STATE v. FLAY HIATT.

(Filed 6 January, 1937.)

**Criminal Law § 68b—Defendant may appeal only from conviction or from prejudicial judgment final in its nature.**

In this prosecution under ch. 228, Public Laws of 1933, the jury answered the issues submitted in writing without objection that defendant was the father of prosecutrix' bastard child, but that he had not willfully failed and refused to support said child. Defendant appealed, alleging error in the overruling of his pleas in abatement and in the court's refusal to set aside the answer to the first issue. *Held:* The Supreme Court has no jurisdiction of the appeal and same is dismissed, since the right of appeal is statutory, C. S., 4650, and the statute gives no right of appeal by defendant from an acquittal, and whether the answer to the first issue will be conclusive on defendant or evidence against him in a subsequent action, civil or criminal, cannot be determined on the appeal.

APPEAL by defendant from *Rousseau, J.,* at June Term, 1936, of DAVIDSON. Dismissed.

The defendant was tried at June Term, 1936, of the Superior Court of Davidson County on a warrant issued by the recorder's court of the city of Thomasville, on 6 September, 1935. The warrant was issued on the affidavit of Mamie Dennis, who complained and said that the defendant, on or about 17 December, 1934, and thereafter, at and in the city of Thomasville, in Davidson County, North Carolina, did unlawfully and willfully fail, neglect, and refuse to support and maintain an illegitimate child which he had begotten on the body of the said Mamie Dennis, and which was born on 17 December, 1934, in violation of the provisions of chapter 228, Public Laws of North Carolina, 1933.

After his plea in abatement and his motions that the action be dismissed on grounds appearing in the record had been denied by the court, the defendant entered a plea of not guilty. The defendant duly excepted to the denial of his plea in abatement and to the refusal of the court to allow his motions that the action be dismissed.

The court submitted to the jury two issues, in writing, which were answered as follows:

"1. Is the defendant the father of the bastard child of Mamie Dennis, which was born on or about 17 December, 1934? Answer: 'Yes.'

"2. Has the defendant willfully failed and refused to support and maintain said child, as alleged? Answer: 'No.' "

The jury returned a verdict of not guilty. In apt time, the defendant moved the court to set aside the answer to the first issue and for a new trial of said issue. The motion was denied, and defendant excepted

and appealed to the Supreme Court, assigning as error the refusal of the court to sustain his plea in abatement, and to allow his motions that the action be dismissed, and that the answer to the first issue be set aside.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*
*Don A. Walser for defendant.*

CONNOR, J. This appeal is dismissed on the authority of *S. v. Rooks,* 207 N. C., 275, 176 S.E., 752. In the opinion in that case it is said:

"It is provided by C. S., 4650, that the defendant shall have the right to appeal in case of conviction in the Superior Court for any criminal offense. Appeals in criminal cases are controlled by statutes on the subject; and it was said in *S. v. Webb,* 155 N. C., 426, 70 S. E., 1064, that 'an ordinary statutory appeal will not be entertained except from a final judgment on conviction, or from some judgment in its nature final.' "

In the instant case, the defendant was not convicted; he was acquitted. There was no judgment on conviction, or judgment prejudicial to the defendant in its nature final. The defendant therefore had no right to appeal to this Court. This Court is without jurisdiction to entertain the appeal, or to decide the questions presented by defendant's assignments of error.

Whether or not the defendant's apprehension that the answer to the first issue appearing in the record will be conclusive on defendant or evidence against him, upon the trial of an issue involving his paternity of the child of Mamie Dennis, in some subsequent action, civil or criminal, to which the defendant is a party, is well founded cannot be determined on this appeal. The defendant did not object to the submission of issues in writing to the jury. These issues involved the essential elements of the offense with which the defendant was charged. *S. v. Spillman,* 210 N. C., 271, 186 S. E., 322. See section 6, chapter 228, Public Laws of North Carolina, 1933. The appeal is

Dismissed.