## STATE v. PHILMA CLEMENT.

(Filed 21 September, 1949.)

**Bastards § 9: Criminal Law § 68b—**

Under the provisions of G.S. 49-7 a defendant in a prosecution for non-support of his illegitimate child may appeal from a verdict establishing his paternity of the child notwithstanding that the verdict finds him not guilty of nonsupport.

APPEAL by defendant from *Grady, Emergency Judge,* at May Term, 1949, of NASH.

Criminal prosecution on warrant charging the defendant with the fatherhood and nonsupport of an illegitimate child.

In the Recorder's Court of Nash County, the defendant was adjudged "guilty of paternity of the child, and not guilty of nonsupport."

The defendant appealed to the Superior Court from that part of the verdict which established the paternity of the child. When the case was called in the Superior Court, the following order was entered: "Appeal Dismissed."

The defendant appeals, assigning error.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*Leon T. Vaughan for defendant.*

STACY, C. J. Perhaps the case would be controlled by the decision in *S. v. Hiatt* (1937), 211 N.C. 116, 189 S.E. 124, where an attempted appeal from a similar verdict was dismissed, but for the 1947 amendment to the statute which specifically allows an appeal "from a finding of the issue of paternity against the defendant." Chap. 1014, Session Laws 1947; G.S. 49-7. This amendment seems not to have been called to the judge's attention. Error is confessed.

Reversed.