STATE v. CECIL ARNOLD GASKINS.

(Filed 25 March, 1953.)

**Criminal Law § 67b—**

> The denial of defendant's motion in the Superior Court to remand the cause to the Recorder's Court of the county is not a judgment final in its nature, and an appeal therefrom is premature and will be dismissed. G.S. 15-180.

APPEAL by defendant from *Stevens, J.,* January Term, 1953, CRAVEN.

A warrant, charging that defendant did unlawfully (1) operate a motor vehicle upon the public highways of the State while under the influence of liquor, and (2) have in his possession a quantity of nontax-paid liquor, issued out of the county court of Craven County. When the case was called for trial, the defendant demanded a trial by jury. Thereafter, at the January, 1953, Craven County Superior Court, the defendant appeared and moved to remand the cause to the recorder's court. The solicitor agreed not to send a bill of indictment until the court first ruled on the motion. The motion was denied and defendant appealed.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*
*Charles L. Abernethy, Jr., for defendant appellant.*

PER CURIAM. In criminal cases a defendant may appeal to the Supreme Court only from a conviction or from some judgment that is final in its nature. G.S. 15-180; *S. v. Blades,* 209 N.C. 56, 182 S.E. 714; *S. v. Hiatt,* 211 N.C. 116, 189 S.E. 124; *S. v. Inman,* 224 N.C. 531, 31 S.E. 2d 641. The order denying defendant's motion to remand is purely interlocutory. It is in no sense final. Appeal therefrom was premature, *S. v. Hiatt, supra,* and must be dismissed.

Appeal dismissed.