STATE v. ALONZO CLONCH.

(Filed 19 October, 1955.)

**1. Bastards § 7—**

Where it is judicially determined that defendant is the father of the illegitimate child in question, but that he was not guilty of the charge of abandonment and nonsupport then preferred against him, *held* in a subsequent prosecution for the defendant's subsequent willful failure to support the child, the issue of paternity is *res judicata*, and the court correctly refuses to permit defendant to introduce evidence on the issue of paternity in the second prosecution.

**2. Criminal Law § 52b—**

While in proper instances the court may charge the jury that if the jury finds the facts to be as all the evidence tends to show beyond a reasonable doubt, to return a verdict of guilty, an instruction that if the jury believes the evidence of defendant, to return a verdict of guilty, is too unequivocal and entitles defendant to a new trial.

APPEAL by defendant from *Rudisill, J.,* at March Term 1955, of CALDWELL.

Criminal prosecution upon a warrant issued out of Recorder's Court of Caldwell County on 5 November, 1954, on affidavit of the prosecutrix Gladys Bentley, charging defendant with willful nonsupport of his illegitimate child Floyd Everett Bentley, five years of age. G.S. 49-2.

The case on appeal shows that the case was duly tried before Judge of the Recorder's Court on 10 December, 1954; that defendant was found guilty; that he appealed to Superior Court; that on trial in Superior Court on 2 March, 1955, both the State and the defendant offered in evidence from minute docket No. 7, page 295, of the Recorder's Court of Caldwell County record to the effect that on 30 September, 1952, defendant was adjudged to be the father of the child, Floyd Edward Bentley, age three years, begotten upon the body of Gladys Bentley, but that he was not guilty of the charge as to abandonment and nonsupport then preferred against him; and the State offered evidence tending to show that thereafter defendant had failed to support and maintain said child, after demand; and defendant testifying as witness for himself gave testimony tending to show that he had not supported the child.

And in the course of the trial in Superior Court, defendant sought to offer evidence bearing upon the issue of paternity. To the refusal thereof he excepted.

At the close of the evidence the Court instructed the jury that "if you believe the evidence of the defendant, you will return a verdict of guilty." Defendant excepted.

The jury returned a verdict of guilty, and from judgment rendered thereon defendant appeals to Supreme Court and assigns error.

*Attorney-General Rodman and Assistant Attorney-General Bruton for the State.*
*Hal B. Adams for defendant appellant.*

PER CURIAM. Appellant presents for decision two assignments:

First, the one based upon exception to the refusal of the court to admit evidence relating to the issue of paternity. The exception is without merit. The judgment of the Recorder's Court in this respect is *res judicata.* See *S. v. Robinson,* 236 N.C. 408, 72 S.E. 2d 857; also G.S. 49-7; *S. v. Clement,* 230 N.C. 614, 54 S.E. 2d 919.

And, second, the one based upon exception to the charge:

This exception is well taken. It would seem that the language used is too unequivocal. Ordinarily it is permissible for the court to charge that if the jury finds the facts to be as the evidence tends to show beyond a reasonable doubt to return a verdict of guilty; otherwise not guilty.

For error thus committed, there must be a
New trial.