## STATE v. EDWARD COPPEDGE.

(Filed 10 October, 1956.)

**1. Bastards § 1—**

> The offense proscribed by G.S. 49-2 is the willful refusal of a parent to support his or her illegitimate child, and neither the begetting of the child nor the failure of the father to pay expenses of the mother incident to the birth of the child, is an offense under the statute.

**2. Bastards § 4: Criminal Law § 56—**

> Where a warrant under G.S. 49-2 fails to allege that defendant's failure to support his illegitimate child was willful, the warrant is fatally defective and motion in arrest of judgment must be allowed.

**3. Bastards § 1: Criminal Law § 24½—**

> Since the willful failure to support an illegitimate child is a continuing offense, arrest of judgment on an invalid warrant will not preclude a subsequent prosecution.

APPEAL by defendant from *Parker (J. W.), J.,* at May 1956 Term, of NASH.

Criminal prosecution upon a warrant issued 22 February, 1956, out of the Recorder's Court of Nash County, upon affidavit of Ivory Alston charging "that . . . on or about ...... day of May, 1955, Edward Coppedge did unlawfully, wilfully beget upon the body of Beatrice Alston an illegitimate child now the age of 3 days and he has failed and refused to provide support and maintenance for said child and to pay doctor's bill, contrary to the form of the statute . . .," heard in Superior Court

on the original warrant, upon appeal thereto by defendant, from judgment of Recorder's Court.

Verdict: Guilty of bastardy, as charged in the warrant.

Judgment: Imprisonment, suspended on conditions stated.

Defendant appeals therefrom to Supreme Court and assigns error.

*Attorney-General Patton and Assistant Attorney-General Bruton for the State.*

*W. O. Rosser for Defendant Appellant.*

WINBORNE, C. J.   The statute, G.S. 49-2, declares that "any parent who willfully neglects or who refuses to support and maintain his or her illegitimate child shall be guilty of a misdemeanor . . ."

The only prosecution contemplated under this statute is grounded on the willful neglect or refusal of a parent to support his or her illegitimate child,—the mere begetting of the child not being denominated a crime. *S. v. Clarke,* 220 N.C. 392, 17 S.E. 2d 468; *S. v. Dill,* 224 N.C. 57, 29 S.E. 2d 145; *S. v. Stiles,* 228 N.C. 137, 44 S.E. 2d 728; *S. v. Bowser,* 230 N.C. 330, 53 S.E. 2d 282; *S. v. Thompson,* 233 N.C. 345, 64 S.E. 2d 157; *S. v. Robinson,* 236 N.C. 408, 72 S.E. 2d 857; *S. v. Chambers,* 238 N.C. 373, 78 S.E. 2d 209.

Likewise the failure of a father to pay the expenses of the mother incident to the birth of the illegitimate child is not a criminal offense. *S. v. Thompson, supra.*

In the *Clarke case, supra,* opinion by *Devin, J.,* later *C. J.,* this Court stated in respect to the offense defined in G.S. 49-2: "Willfulness is one of the essential elements of the offense. This must be charged in the warrant . . . Its omission is not cured by C.S. 4623 (now G.S. 15-153)," citing cases.

In the light of the statute, as so interpreted by this Court, it appears upon the face of the record proper that the warrant fails to allege the essential element of willfulness. This is a fatal defect in the warrant. Hence motion in arrest of judgment should be allowed. *S. v. Clarke, supra.* The Attorney-General so concedes.

Nevertheless, this statute G.S. 49-2, as interpreted by this Court, creates a continuing offense. *S. v. Chambers, supra,* citing *S. v. Johnson,* 212 N.C. 566, 194 S.E. 319; *S. v. Bradshaw,* 214 N.C. 5, 197 S.E. 564; *S. v. Davis,* 223 N.C. 54, 25 S.E. 2d 164; *S. v. Robinson, supra.*

Hence the decision here will not preclude further prosecution in keeping with the existing factual situation. *S. v. Perry,* 241 N.C. 119, 84 S.E. 2d 329.

For reason stated

Judgment arrested.