### STATE v. HOWARD SMITH.

(Filed 17 April, 1957.)

**1. Bastards § 4—**

A warrant in a criminal prosecution under G.S. 49-2 which fails to charge that defendant's failure to support his illegitimate child was wilful, is fatally defective.

**2. Bastards § 1—**

The wilful failure or refusal to support an illegitimate child is a continuing offense.

APPEAL by defendant from *Bickett, J.,* February Criminal Term, 1957, of WAKE.

Defendant was tried in the Domestic Relations Court of Wake County on a warrant, based on the affidavit of Yvonne Jones, charging in pertinent part that he "did willfully, maliciously and unlawfully beget upon the body of Yvonne Jones a child:  Leonard Lee Jones, born 5-18-52, and has failed to support said child since birth, . . ."

On 2 July, 1953, at conclusion of said trial, the judge of said court made this entry: "Upon the trial of this case the defendant is found guilty and is ordered and adjudged that *prayer for judgment continue* for (5) five years on condition that this defendant pay into this court each week for the support of Leonard Lee Jones born May 18, 1952, $4.00 beginning July 6, 1953. Pay the costs. The court finds that this defendant is the father of Leonard Lee Jones. This cause retained." (Italics added.)

On 15 October, 1956, the judge of said court made this entry:

"The court finds that this defendant has willfully failed to comply with the terms of the judgment of this court by failing and refusing to make and pay into this court the support payments ordered by this court. The defendant, Howard Smith, is sentenced to serve (6) six months in jail assigned to the State Highway Commission to be worked on the roads of this state."

Defendant appealed to the Superior Court. Various motions were made by defendant and overruled, including his motion for a trial *de novo.*

After hearing evidence, Judge Bickett found particular facts and made the ultimate finding that "the defendant has willfully violated and failed to comply with the terms of the judgment of the Domestic Relations Court under the terms of which *judgment was suspended.*" (Italics added.)

Thereupon, Judge Bickett ordered that capias and commitment issue forthwith and that "in accordance with the said judgment of the Domestic Relations Court of the County of Wake the defendant be confined in the common jail of Wake County for a term of six (6) months," etc.

Defendant excepted and appealed, assigning errors.

*Attorney-General Patton and Assistant Attorney-General Bruton for the State.*

*Griffin & Grimes for defendant, appellant.*

PER CURIAM. The warrant is fatally defective in that it does not charge that defendant wilfully neglected or refused to support and maintain his illegitimate child, an essential allegation in a criminal prosecution under G.S. 49-2; and, as frankly conceded by the Attorney-General, the judgment must be arrested on authority of *S. v. Coppedge,* 244 N.C. 590, 94 S.E. 2d 569, and cases cited therein.

However, the statute, as interpreted by this Court, creates a continuing offense. *S. v. Coppedge, supra,* and cases cited therein.

As to the significance of the finding made 2 July, 1953, in the Domestic Relations Court, that "this defendant is the father of Leonard Lee

Jones, see *S. v. Clonch,* 242 N.C. 760, 89 S.E. 2d 469, and *S. v. Robinson,* 245 N.C. 10, 15, 95 S.E. 2d 126.

Judgment arrested.