190

The State of Ohio, Appellee, *v.* Maxson, Appellant.

(No. 77-1056—Decided May 3, 1978.)

*Mr. David Frey*, prosecuting attorney, and *Mr. William A. Grim*, for appellee.

*Messrs. Lavelle & Yanity, Mr. William A. Lavelle* and *Mr. Thomas S. Hodson*, for appellant.

William B. Brown, J. The sole issue presented by the instant cause is whether a person who has passed his or her fifteenth birthday but has not yet reached his or her sixteenth birthday is "over fifteen years of age" for the purposes of R. C. 2907.04.

R. C. 2907.04 provides, in pertinent part:

"(A) No person, eighteen years of age or older, shall engage in sexual conduct with another, not the spouse of the offender, when the offender knows such other person is *over twelve but not over fifteen years of age* * * *." (Emphasis added.)

Appellee argues that a person is not "over fifteen years of age" for purposes of R. C. 2907.04, until he or she reaches their sixteenth birthday. We are not persuaded by appellee's argument because it is based on the fiction that one grows no older during the twelve-month interval from one birthday to the next. Common experience dictates otherwise. A child who is one-year old on its first birthday and over one-year old after that birthday will be "over fifteen years of age" after he passes his fifteenth birthday. Moreover, appellee's interpretation of the phrase "over fifteen years of age" conflicts with the holdings of a majority of other jurisdictions — see *State* v. *Linn* (Alaska 1961), 363 P. 2d 361, 363; *Farrow* v. *State* (Del. 1969), 258 A. 2d 276, 277; see, also, Annotation, 73 A. L. R. 2d 874, 877,—and with the legislative mandate that criminal statutes be construed liberally in favor of the defendant (R. C. 2901.04[A]).

We, therefore, hold that an individual who has passed his or her fifteenth birthday but has not reached his or her sixteenth birthday is "over fifteen years of age" for purposes of R. C. 2907.04. The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

HERBERT, CELEBREZZE, P. BROWN, SWEENEY and LOCHER, JJ., concur.

O'NEILL, C. J., dissenting. The defendant, Ned V. Maxson, was indicted for committing the crime of "corruption of a minor." The indictment contained three counts. Count one charges that the defendant engaged in sexual conduct with Marlene Wheaton on the fifth day of October 1975.

Count two charges that the defendant engaged in sexual conduct with Marlene Wheaton on the 24th day of November 1975. Count three charges that the defendant engaged in sexual conduct with Marlene Wheaton on the fifth day of January 1976. The indictment alleges that Marlene Wheaton was over twelve but not over fifteen years of age and that she was not the spouse of Maxson. It further alleges that Maxson was four or more years older than the girl.

"Sexual conduct" is defined in R. C. 2907.01, as follows:

"(A) 'Sexual conduct' means vaginal intercourse between a male and female, and anal intercourse, fellatio, and cunnilingus between persons regardless of sex. * * *"

The purpose of R. C. 2907.04, which prohibits sexual conduct when the victim is over twelve but not over fifteen years of age, is, in part at least, to protect fifteen year old girls from being victimized by adult men for sexual purposes. This includes adult men who have a special relationship with young girls. An adult man who is a teacher, counselor, supervisor or leader of an organization to which young and immature girls belong is provided with opportunities to exploit such a relationship to victimize a girl for his sexual gratification if he is so inclined, or if he is unable to restrain himself from taking advantage of the opportunity.

The defendant in the instant cause was indicted for engaging in sexual conduct on three separate occasions with a girl who was "not over fifteen years of age."

The majority of this court would dismiss the charges against the defendant on the ground that the girl victim was, in age, beyond her fifteenth birth date.

The effect of this conclusion is to establish a rule that if an adult male spent the evening with a minor girl on her *fifteenth birthday,* but waited until one minute after midnight to engage in sexual intercourse with her, he could not be charged with corruption of a minor under R. C. 2907.04.

I cannot accept such a technical interpretation of the law for, in my opinion, it subverts the law and reaches a conclusion which is at odds with the purpose of the law and with a reasonable and common-sense understanding of the words used in the statute.

I do not believe that my colleagues, for whom I have the highest esteem, can feel comfortable with this result. I do not believe that the words of R. C. 2907.04 require such a result.

I can agree that the words "but not over fifteen years of age," as used in R. C. 2907.04, on their face, can logically be given the meaning ascribed to them by the majority, but I do not believe, from an examination of the statutes, that such result was intended by the General Assembly.

R. C. 2907.02, the rape statute, provides, in part:

"(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when * * *:

"* * *

"(3) The other person is less than thirteen years of age, whether or not the offender knows the age of such person.

"(B) Whoever violates this section is guilty of cor- a felony of the first degree. * * *"

R. C. 2907.04, corruption of a minor, provides, in part:

"(A) No person, eighteen years of age or older, shall engage in sexual conduct with another, not the spouse of the offender, when the offender knows such other person is over twelve but not over fifteen years of age, or the offender is reckless in that regard.

"(B) Whoever violates this section is guilty of corruption of a minor, a felony of the third degree. If the offender is less than four years older than the other person, corruption of a minor is a misdemeanor of the first degree."

Pursuant to the foregoing statutes, sexual conduct under the conditions set forth in R. C. 2907.02 is rape if the "other person" is "less than thirteen years of age," ir-

respective of the knowledge of the age of the "other person" by the offender. Sexual conduct, under the conditions set forth in R. C. 2907.04, is proscribed if the "other person" is "over twelve but not over fifteen years of age" if the offender has knowledge of the age of the "other person," "or is reckless in that regard." It is apparent that if the "other person" has attained his or her twelfth birthday, thereafter that person is "over twelve" and may yet be "less than thirteen." Thus, the ages prescribed in R. C. 2907.02 and 2907.04 overlap if "over twelve" is not construed to mean the attainment of the age of thirteen.

I agree with the statements of Stephenson, J., in the opinion of the Court of Appeals, that: "Because of the difference in penalties and the requirement of knowledge of age in R. C. 2907.04, it is manifest it was not intended that both apply. The presumption is that the word 'over' has the same meaning when used with relation to age twelve as when used with age fifteen * * *."

Thus, the words, "not over fifteen years of age," as used in R. C. 2907.04, should be construed to mean that the "other person" has not yet attained his or her sixteenth birthday.

From 1896 until 1974, when our new Criminal Code went into effect, the age specified in our statutory rape statute, former R. C. 2905.03 and its predecessors, was "under sixteen years of age" or "under the age of sixteen years." In my opinion a change in that policy of such long duration requires a clearer statement from the General Assembly than the majority finds in existing R. C. 2907.04 before I will be willing to hold that it requires the court to accede to such a momentous change in the law of Ohio.

I would affirm the judgment of the Court of Appeals.