STATE OF NORTH CAROLINA v. GENE McGAHA

No. 109PA82

(Filed 5 October 1982)

**Rape and Allied Offenses § 9— engaging in a sexual act with victim "of the age of twelve years or less"—does not cover engaging in sexual act with a victim twelve years and eight months old**

A judgment finding defendant guilty of committing a first-degree sexual offense under G.S. 14-27.4(a)(1) for engaging in a sexual act with a victim who was twelve years and eight months old must be arrested where the statute forbids such conduct with children "of the age of twelve years or less." After a child celebrates his twelfth birthday, he is no longer "twelve years or less," he is twelve *and more.*

Justice MARTIN dissenting.

Justices EXUM and MITCHELL join in this dissent.

WE granted defendant's petition for certiorari to review the judgment of *Britt, Judge,* entered at the 10 August 1981 Session of Superior Court, SCOTLAND County.

The sole question presented is whether defendant was lawfully indicted for committing a first-degree sexual offense under G.S. 14-27.4(a)(1) (1981) for engaging in a sexual act with a victim who was twelve years and eight months old, the statute forbidding such conduct with children "of the age of 12 years or less."

*Attorney General Rufus L. Edmisten, by Assistant Attorney General W. Dale Talbert, for the State.*

*Haywood, Denny & Miller, by Charles H. Hobgood and George W. Miller, Jr., for defendant-appellant.*

CARLTON, Justice.

Gene McGaha, a forty-year-old college graduate, was indicted for committing a sex offense under G.S. 14-27.4(a)(1) (1981). The statute states that "[a] person is guilty of a sexual offense in the first degree if the person engages in a sexual act: (1) [w]ith a victim who is a child *of the age of 12 years or less* . . . ." (Emphasis added.) The indictment alleged that the victim was "a child 12 years 8 months old and thus of the age of 12 years or less . . . ." Before tendering his plea of guilty to this charge and five other sex crimes, McGaha told the court: "I cannot state that I am guilty in case number 2594 [G.S. 14-27.4(a)(1) offense] because I was drunk and cannot remember, but I feel that it is in my best interest to plead guilty based on evidence I have heard." McGaha then was sentenced to life imprisonment for the first-degree sex offense, the sentence to run concurrently with other sentences imposed.

Defendant contends that he cannot be lawfully indicted under G.S. 14-27.4(a)(1) for engaging in a sexual act with a child twelve years and eight months old because the age requirement of the statute is not satisfied; the victim is not of the age of "12 years or less." In essence, defendant argues that once a child passes his twelfth birthday he is over twelve years of age; he is no longer "12 years or less." We must agree.

A similar question was presented to this Court over twenty-seven years ago; we find the decision in that case controlling here. In *Green v. Patriotic Order Sons of America, Inc.*, 242 N.C. 78, 87 S.E. 2d 14 (1955), a widow sought to recover from a funeral benefit association benefits accruing upon her husband's death.

The widow was entitled to the funeral benefits only if her husband was not "over fifty years" when he enrolled in the association. The husband's age at enrollment was fifty years and four months. This Court held that after the husband reached his fiftieth birthday he was over fifty years of age. *Id.* at 83, 87 S.E. 2d at 17. The Court stated, "when a person reaches his fiftieth birthday he would have lived fifty calendar years, of twelve calendar months each. Hence after his fiftieth birthday he would be over fifty years of age." *Id.*

So it is here. When defendant's victim reached his twelfth birthday, he had lived twelve calendar years of twelve months each. Therefore, after his twelfth birthday, he was something *more* than twelve. Clearly, under the *Green* rationale, he was not "12 years or less." *Accord Gibson v. People*, 44 Colo. 600, 99 P. 333 (1909); *State v. Carroll*, 378 So. 2d 4 (Fla. Dist. Ct. App.), *cert. denied*, 385 So. 2d 761 (1980); *Knott v. Rawlings*, 250 Iowa 892, 96 N.W. 2d 900 (1959); *State v. Maxson*, 54 Ohio St. 2d 190, 375 N.E. 2d 781 (1978).

The State relies in part on a recent decision of the Court of Appeals construing similar language in our first-degree rape statute, G.S. 14-27.2(a)(1) (1981), *State v. Ashley*, 54 N.C. App. 386, 283 S.E. 2d 805(1981), *cert. denied*, 305 N.C. 153, 289 S.E. 2d 381 (1982). There is language in *Ashley* in conflict with our holding here and, to that extent, *Ashley* shall not be considered authoritative.

The State also contends that "common practice" supports its position. That is, most people will state their age by giving the number of birthdays celebrated. Hence, one is still twelve until the thirteenth birthday. We agree that most adults state their ages in this manner. This "common practice," however, is based on the fiction that we grow older only at yearly intervals. The truth, of course, is that we grow older a day (or less) at a time. After a child celebrates his twelfth birthday, he is no longer "12 years or less," he is 12 *and more.*

In the case at bar, therefore, defendant McGaha was unlawfully indicted for violating G.S. 14-27.4(a)(1) because an essential element of the offense, the age requirement of the victim, had not been met.

Our decision today is grounded on precedent and the rule that criminal statutes are to be construed strictly against the state and liberally in favor of the defendant. *See State v. Pinyatello*, 272 N.C. 312, 314, 158 S.E. 2d 596, 597 (1968). If the legislature intends to extend the protection of G.S. 14-27.4(a)(1) to children who have passed their twelfth birthday but have not yet reached their thirteenth birthday, as the State argues, then the language of the statute must explicitly state that intention. This Court is not at liberty to amend the statute. The General Assembly previously has indicated unambiguously the class of people included in the purview of its statutes. For example, G.S. 7A-524 (1981) provides, "[w]hen the court obtains jurisdiction over a juvenile, jurisdiction shall continue until terminated by order of the court or *until he reaches his eighteenth birthday.*" (Emphasis added.) The legislature's use of the juvenile's "birthday" provides an exact point of reference from which to determine the class of people to whom the statute applies. Our legislature may wish to amend several criminal statutes which use language similar to that which we have interpreted here and substitute the precise language employed in G.S. 7A-524.

In his brief before this Court, defendant requests that we arrest judgment in this case. A motion in arrest of judgment is directed to some fatal defect appearing on the face of the record. *State v. Davis*, 282 N.C. 107, 117, 191 S.E. 2d 664, 670 (1972). It has been held that such a motion may be made for the first time on appeal in the Supreme Court. *State v. Sellers*, 273 N.C. 641, 645, 161 S.E. 2d 15, 18 (1968).

A motion in arrest of judgment is proper when it is apparent that no judgment against the defendant could be lawfully entered because of some fatal error appearing in (1) the organization of the court, (2) the charge made against the defendant (the information, warrant or indictment), (3) the arraignment and plea, (4) the verdict, and (5) the judgment. (Citations omitted.)

*State v. Perry*, 291 N.C. 586, 589, 231 S.E. 2d 262, 265 (1977).

Here, the fatal defect appearing on the face of the record is in the second category noted above. Judgment must be arrested when the indictment fails to charge a criminal offense or fails to charge an essential element of the offense. *State v. Benton*, 275

N.C. 378, 381-82, 167 S.E. 2d 775, 777 (1969); *State v. Coppedge*, 244 N.C. 590, 591, 94 S.E. 2d 569, 570 (1956).

For the reasons stated, we must arrest the judgment.

Judgment arrested.

Justice MARTIN dissenting.

I respectfully dissent. The majority relies upon *Green v. Patriotic Order Sons of America, Inc.*, 242 N.C. 78, 87 S.E. 2d 14 (1955), which I do not find persuasive. *Green* involved the interpretation of the bylaws of a funeral association. The phrase in question in *Green* was "not less than sixteen years of age nor over fifty years." The portion of the statute we are faced with is "a child of the age of 12 years or less." An applicant in *Green* could not qualify for insurance if "over fifty years," that is, after his fiftieth birthday. In the statute before us, children are protected during the period that they are "of the age of 12 years." A child is "of the age of 12 years" during the period between his twelfth birthday and thirteenth birthday. *See People ex rel. Makin v. Wilkins*, 22 A.D. 2d 497, 257 N.Y.S. 2d 288 (1965). Other courts faced with the issue in *Green* have resolved it contrary to *Green*. In *Wilson v. Mid-Continental Life Ins. Co.*, 159 Okla. 191, 14 P. 2d 945 (1932), the court held that "over the age of 65 years" meant until the sixty-sixth birthday. *Green*, although it may be correct as applied to its fact situation, is not dispositive of the issue before us. It is concerned with determining the contractual intent of private parties in the light of the specific setting and the interpretive objective therein sought.

On the other hand, we are concerned with a question of public policy to be reconciled by statutory construction. We must seek the intent of the legislature. The intent of the legislature controls the interpretation of statutes. *State v. Hart*, 287 N.C. 76, 213 S.E. 2d 291 (1975).

"Of course criminal statutes must be strictly construed. [Citations omitted.] But this does not mean that a criminal statute should be construed stintingly or narrowly. It means that the scope of a penal statute may not be extended by implication beyond the meaning of its language so as to include offenses not clearly described. [Citations omitted.] Even so,

an interpretation which leads to a strained construction or to a ridiculous result is not required and will not be adopted. *State v. Pinyatello*, 272 N.C. 312, 158 S.E. 2d 596 [1968]. 'While a criminal statute must be strictly construed, the courts must nevertheless construe it with regard to the evil which it is intended to suppress. And the rule that statutes will be construed to effectuate the legislative intent applies also to criminal statutes.' . . ."

*Id.* at 80-81, 213 S.E. 2d at 295 (citations omitted) (quoting *State v. Spencer*, 276 N.C. 535, 547, 173 S.E. 2d 765, 773-74 (1970) ).

In construing amended statutes it is presumed that the legislature intended either to change the substance of the original act or to clarify the meaning of it. *Childers v. Parker's, Inc.*, 274 N.C. 256, 162 S.E. 2d 481 (1968).

The rape and sex offense laws were recodified in 1979 when our legislature adopted article 7A of chapter 14 of the General Statutes of North Carolina. The 1979 act defined new crimes of first and second degree sexual offenses and also rewrote the rape statute. In so doing, the legislature provided that the language with respect to the age of the victim in first degree sexual offense, N.C.G.S. 14-27.4(a)(1), and first degree rape, N.C.G.S. 14-27.2(a)(1), would be identical. The present language of both sections was established by the 1981 amendment effective 1 July 1981. The new rape section replaces former N.C.G.S. 14-21 (Supp. 1975). Therefore, we may look to the changes in the rape statute in determining the intention of the legislature in adopting the age provision common to it and N.C.G.S. 14-27.4(a)(1).

N.C.G.S. 14-21, with respect to the age of a child victim, read "any female child *under* the age of twelve years." (Emphasis added.) Under this statute, if the victim had reached her twelfth birthday, she was not protected by the statute. *Cf. State v. Wade*, 224 N.C. 760, 32 S.E. 2d 314 (1944). N.C.G.S. 14-27.2(a)(1) applies if the victim "is a child of the age of 12 years or less."

Why did the legislature change the wording of the statute in 1979 and 1981? Any material change in the language of the original act indicates a change in legal rights. The logical inference is that the legislature wanted to extend the protection of the statute to children who had not attained their thirteenth

birthdays. Otherwise, there is no reasonable basis for the deletion of "under" and the use of the phrase "of the age of 12 years." This phrase has a particular meaning: it means "while a child is 12 years old," or "during the period that a child is 12 years of age." If the legislature intended the protection of the statute to terminate at the instant of a child's twelfth birthday, it would have used language such as "a victim who has attained his 12th birthday or less." The words "of the age of 12 years" denote a continuing condition until the child's thirteenth birthday. The use of the verb "is" with the phrase "of the age," rather than "has attained" or similar language, denotes a continuing or existing condition. The phrase "or less" immediately following "of the age of 12 years" indicates that the legislature intended to include the entire period that a child was twelve years of age and also the period before the child becomes twelve years of age. The deletion of the word "under" clearly manifests the intent to extend the protection of the statute. *State v. Ashley*, 54 N.C. App. 386, 283 S.E. 2d 805 (1981), *cert. denied*, 305 N.C. 153, 289 S.E. 2d 381 (1982).

In *Wilkins, supra*, 22 A.D. 2d 497, 257 N.Y.S. 2d 288 (1965), the New York court was faced with a similar question on facts close to those in the case before us. There, the court interpreted the amendment of a sex offense statute. The original act made it a felony to carnally abuse a child "ten years or under." The legislature amended the companion statute to make it a misdemeanor to carnally abuse a child "over the age of ten years." The court held that the felony act applied where the victim was ten years and three months of age. By the amendment, the legislature intended to change the legal rights affected by the act. The court stated that a child "of the age of 10 years" was one who has reached the tenth birthday but has not reached the eleventh birthday. By so doing, the court expanded the protection of the felony statute to children in this age bracket. The reasoning in *Wilkins* is equally applicable to the case before us.

Moreover, one of the primary purposes of a criminal statute is to put the public on notice as to what they can or cannot lawfully do. The legislature must inform the citizen with reasonable precision what acts it intends to prohibit so that he may have a certain understandable rule of conduct and know what acts it is his duty to avoid. *State v. Lowry and State v.*

*Mallory,* 263 N.C. 536, 139 S.E. 2d 870 (1965). The aim of the criminal statute is to notify a person of ordinary understanding and intelligence of the conduct that is prohibited. *State v. Hales,* 256 N.C. 27, 122 S.E. 2d 768 (1961). The words "of the age of 12 years" mean to the average person of ordinary understanding and intelligence that the victim has passed her twelfth birthday but has not reached her thirteenth birthday. The legislature intends that its statutes be understandable by the general public as well as English scholars.

In recodifying former N.C.G.S. 14-21 and in prohibiting a broader range of sexual offenses, the legislature intended to expand the protection of children from such assaults. I find the indictment to be lawful and proper. Defendant had a fair trial, free of prejudicial error.

Justices EXUM and MITCHELL join in this dissent.