STATE OF NORTH CAROLINA v. DUJUAN WILLIAMS ROGERS

No. COA07-309

(Filed 6 November 2007)

**Sentencing— sale and delivery of drugs—single transfer**
    A conviction for both sale and delivery of cocaine and marijuana arising from a single sale of each was remanded for resentencing for sale or delivery of each substance.

Appeal by defendant from judgments entered 18 August 2006 by Judge Charles H. Henry in Onslow County Superior Court. Heard in the Court of Appeals 17 September 2007.

*Attorney General Roy Cooper, by Associate Attorney General LaToya B. Powell, for the State.*

*Sue Genrich Berry, for defendant-appellant.*

ELMORE, Judge.

Dujuan Williams Rogers (defendant) was charged by three indictments with (1) possession with intent to sell and deliver cocaine, sale of cocaine, and delivery of cocaine; (2) possession with intent to sell and deliver marijuana, sale of marijuana, and delivery of marijuana; and (3) felony conspiracy and maintaining a dwelling for the keeping and selling of controlled substances.

The State presented evidence tending to show that on 18 February 2005, officers of the Onslow County Sheriff's Department supplied a confidential informant with $215.00 in cash for the purpose of purchasing cocaine and marijuana from defendant. The informant traveled to a mobile home, entered the residence, and handed defendant the money. Defendant showed the informant two substances, weighed them, and handed them to her. The informant delivered the substances to the officers. Subsequent chemical analysis of the substances revealed them to be 3.6 grams of cocaine hydrochloride and 13.4 grams of marijuana.

At the conclusion of the State's evidence, the trial court dismissed the charges of felony conspiracy and maintaining a dwelling for the keeping and selling of controlled substances.

Defendant testified that he acted as a go-between for a man named "Angel," who supplied him with the substances that he gave to the confidential informant.

The jury found defendant guilty of all six of the remaining charges. The trial court consolidated all of the counts pertaining to cocaine and imposed an active sentence within the presumptive range of a minimum term of thirteen months and a maximum term of sixteen months. The trial court consolidated all of the counts pertaining to marijuana and imposed a suspended sentence of a minimum term of eight months and a maximum term of ten months.

Defendant contends that the trial court erred by sentencing him for both sale and delivery of each substance. In *State v. Moore,* 327 N.C. 378, 382, 395 S.E.2d 124, 127 (1990), the defendant was convicted of three offenses arising out of a single transfer of a controlled substance: possession with intent to sell or deliver the substance, sale of the substance, and delivery of the substance. Our Supreme Court held that a defendant may not "be convicted under N.C.G.S. § 90-95(a)(1) of both the sale and the delivery of a controlled substance arising from a single transfer." *Id.* The Court directed that the judgments

"should be amended to reflect that the defendant was convicted on each indictment of a single count for the 'sale or delivery of a controlled substance.'" *Id.* at 383, 395 S.E.2d at 128. The Court also stated that "[b]ecause the three convictions on each indictment were consolidated into one judgment per indictment, and because of the lengths of the prison terms imposed, we are unable to determine what weight, if any, the trial court gave each of the separate convictions for sale and for delivery in calculating the sentences imposed upon the defendant. This case must thus be remanded for resentencing." *Id.* at 383, 395 S.E.2d at 127-28.

The State concedes that the trial court committed error by sentencing defendant for both sale and delivery arising out of a single transfer, but argues that remand for resentencing is not required. It argues that although resentencing may have been required in *Moore*, which arose under the Fair Sentencing Act, the judgments in the present case may be corrected simply by vacating defendant's delivery convictions. The State reasons that delivery is a lesser crime than sale of a controlled substance or possession with intent to sell or deliver a controlled substance. However, until our Supreme Court overrules or creates an exception to the requirement of resentencing it imposed in *Moore*, we are bound to follow that course until otherwise directed by that Court. *Cannon v. Miller*, 313 N.C. 324, 327 S.E.2d 888 (1985).

In accordance with *Moore*, the matter is remanded to the trial court for resentencing upon convictions of sale or delivery of cocaine and sale or delivery of marijuana.

Remanded for resentencing.

Judges WYNN and BRYANT concur.