NO. COA13-1001

NORTH CAROLINA COURT OF APPEALS

Filed: 4 March 2014

STATE OF NORTH CAROLINA

v.                                    Onslow County
                                      No. 11 CRS 55170-3
MATTHEW PELHAM FLEIG


Appeal by defendant from judgment entered 20 March 2013 by Judge W. Allen Cobb, Jr. in Onslow County Superior Court. Heard in the Court of Appeals 3 February 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Ann W. Matthews, for the State.*
>
> *James W. Carter, for defendant.*


ELMORE, Judge.


On 20 March 2013, a jury found Matthew Pelham Fleig (defendant) guilty of multiple drug offenses. The subject of this appeal concerns judgment entered on those offenses in 11 CRS 055170 that stemmed from 10 August 2010: 1.) felony sale of marijuana; 2.) felony delivery of marijuana; and 3.) misdemeanor possession of marijuana. Judge W. Allen Cobb, Jr. consolidated these convictions and imposed a term of imprisonment for six-months minimum, eight-months maximum. That sentence was

suspended, and defendant was placed on probation for thirty months and required to served a thirty-day active sentence. Defendant now appeals and contends that the trial court erred by sentencing him for both sale and delivery of marijuana. After careful consideration, we remand for a new sentencing hearing with instructions to vacate either the 1.) sale of marijuana conviction or 2.) delivery of marijuana conviction.

## I. Facts

On 5 August 2010, the Jacksonville Police Department conducted a traffic stop of Sarah Lyon's vehicle, and it was discovered that the passenger in her car possessed marijuana, a marijuana grinder, and digital scales. After further investigation, Lyon was never charged with any criminal offenses. Thereafter, she was asked by the Jacksonville Police Department if she knew any individuals who were involved in the sale of narcotics in the local area. She provided the police with defendant's name and agreed to assist them in conducting a controlled buy of marijuana from defendant. On 10 August 2010, officers recorded a phone conversation between Lyon and defendant in which she asked to purchase marijuana from him. Defendant agreed, and the police department gave Lyon a twenty-dollar bill to buy the marijuana. Equipped with a recording

device, Lyon drove to defendant's house, picked him up, and they drove to another location in the neighborhood to conduct the drug deal. Lyon provided defendant with twenty dollars, and he gave her a "dime bag" of marijuana (bag) in return. Knowing that one bag was not a sufficient amount of marijuana for the price of twenty dollars, Lyon immediately requested an additional bag. Defendant did not have any additional marijuana on his person because he thought Lyon only wanted one bag, but he agreed to give Lyon the additional quantity she requested. They drove back to his house to retrieve more marijuana, defendant obtained another bag, and he gave it to Lyon. Lyon did not pay defendant, nor did defendant request, additional money for the second bag. After Lyon received the second bag, she left defendant's house and relinquished the recording device and marijuana to the Jacksonville Police Department.

## II. Analysis

### a.) Writ of Certiorari

Defendant seeks appellate review by petition for writ of certiorari because of his trial counsel's failure to give proper notice of appeal pursuant to North Carolina Appellate Procedure Rule 4. For the reasons that follow, we allow defendant's writ of certiorari.

Rule 4 mandates that appeal from a judgment rendered in a criminal case must be given either orally at trial or by "filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within fourteen days after entry of the judgment[.]" N.C. R. App. P. 4. Should a defendant fail to timely appeal, a writ of certiorari "may be issued in appropriate circumstances by either appellate court to permit review of the judgments[.]" N.C.R. App. P. 21. This Court has held that an appropriate circumstance to issue writ of certiorari occurs when "a defendant's right to appeal has been lost because of a failure of his or her trial counsel to give proper notice of appeal." *State v. Gordon*, ___ N.C. App. ___, ___, 745 S.E.2d 361, 363 (2013) *review denied*, 749 S.E.2d 859 (2013).

Here, defendant's counsel did not give oral notice of appeal at trial because he needed to speak with defendant to ascertain whether defendant sought to appeal the judgment. After conferring with defendant, defendant's attorney gave oral notice of appeal five days later in Onslow County Superior Court. However, defendant's counsel failed to file a written notice of appeal with the Onslow County Clerk of Superior Court and serve copies upon the State within fourteen days after entry

of judgment. As a result, defendant's right to appeal was lost. However, the lost appeal was no fault of defendant's but an error by his trial attorney. Accordingly, we grant defendant's petition for writ of certiorari and address the merits of his appeal.

**b.) Sentencing Error**

Defendant argues that the trial court erred in sentencing him to a consolidated judgment of 6-8 months for the two separate offenses of selling marijuana and delivering marijuana per N.C. Gen. Stat. § 90-95(a)(1). Specifically, defendant argues that that he was sentenced twice for conduct that constituted a single offense. We agree.

"[We review alleged sentencing errors for] 'whether [the] sentence is supported by evidence introduced at the trial and sentencing hearing.'" *State v. Deese*, 127 N.C. App. 536, 540, 491 S.E.2d 682, 685 (1997) (quoting N.C. Gen. Stat. § 15A-1444(a1) (Cum. Supp. 1996)). Under N.C. Stat. § 90-94 (2013), marijuana is classified as a schedule VI controlled substance. Pursuant to N.C. Gen. Stat. § 90-95(a)(1) (2013), it is unlawful for an individual to "manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance[.]" The statute establishes three distinct offenses:

"(1) *manufacture* of a controlled substance, (2) *transfer* of a controlled substance by sale or delivery, and (3) *possession with intent to manufacture*, *sell or deliver* a controlled substance." *State v. Moore*, 327 N.C. 378, 381, 395 S.E.2d 124, 126 (1990) (emphasis in original). A sale is defined as "a *transfer* of property for a specified price payable in money" while a delivery is "the actual [sic] constructive, or attempted transfer from one person to another of a controlled substance[.]" *Id*. at 382, 395 S.E.2d at 127 (citations and quotations omitted) (emphasis in original). In addressing offense (2) above, our Supreme Court has ruled that "each single transaction involving transfer of a controlled substance" creates a single offense, "which is committed by either or both of two acts—sale or delivery." *Id*. Thus, a defendant "may not . . . be convicted under N.C.G.S. § 90-95(a)(1) of both the sale *and* the delivery of a controlled substance arising from a single transfer." *Id*. (emphasis in original).

Here, the transaction began when Lyon gave defendant twenty dollars, and defendant gave her a bag in return. The transaction continued because neither sale nor delivery of the marijuana was complete. A negotiation ensued as Lyon requested an additional bag because of the amount of money she had

provided to defendant. Defendant acquiesced, retrieved more marijuana from his house, and completed the sale by delivering the bag to Lyon. Thus, the transaction concluded when defendant gave the second bag to Lyon. The transfer of the second bag from defendant to Lyon simultaneously completed sale and delivery of the drug transaction because Lyon received the total quantity of marijuana she requested for the specified price of twenty dollars. Since defendant's acts of sale and delivery arose from a single transaction, defendant was improperly sentenced on the separate offenses of sale and delivery of marijuana. Thus, we remand this matter for resentencing notwithstanding the consolidated judgment. *See id*. at 383, 395 S.E.2d at 127-28 (holding that when separate convictions for sale and delivery were in error and consolidated into one judgment, this Court must remand because we are "unable to determine what weight, if any, the trial court gave each of the separate convictions for sale and for delivery" in calculating the imposed sentences); *See also State v. Rogers*, 186 N.C. App. 676, 678, 652 S.E.2d 276, 277 (2007) (remanding for resentencing where the trial court erred by sentencing defendant for both sale and delivery of a controlled substance). On remand, either the conviction for 1.) sale of marijuana or 2.) delivery of

marijuana in 11 CRS 055170 should be vacated to reflect that defendant was convicted of a single count of "sale or delivery" of marijuana.

### III.  Conclusion

In sum, the trial court erred by sentencing defendant for the sale and delivery of marijuana when his conduct constituted a single offense.  Therefore, we remand for a new sentencing hearing with instructions to vacate either the 1.) sale of marijuana conviction or 2.) delivery of marijuana conviction in 11 CRS 055170.

Remanded.

Chief Judge MARTIN and Judge HUNTER, Robert N., concur.