IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA20-19

Filed: 2 June 2020

Onslow County, No. 17 CRS 57970

STATE OF NORTH CAROLINA

v.

BOBBY M. CANADY, JR.

Appeal by defendant from judgment entered 13 September 2019 by Judge Ronald L. Stephens in Onslow County Superior Court. Heard in the Court of Appeals 13 May 2020.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General David D. Lennon, for the State.*

*The Epstein Law Firm, by Drew Nelson, for defendant.*

ARROWOOD, Judge.

Bobby M. Canady, Jr. ("defendant") appeals from judgment entered upon his convictions for sale of cocaine, delivery of cocaine, conspiracy to sell or deliver cocaine, and possession of cocaine with intent to sell or deliver. He contends the trial court erred or plainly erred during sentencing by improperly applying N.C. Gen. Stat. § 90-95 and sentencing him for a class G felony rather than a class H felony. For the following reasons, we find no plain error.

I.     Background

On 8 May 2018, defendant was indicted by a grand jury on charges of felony delivery of cocaine, felony conspiracy to sell or deliver cocaine, felony possession with intent to manufacture, sell, or deliver cocaine, felony manufacture of cocaine, felony sale of cocaine, and misdemeanor possession of drug paraphernalia. On 4 June 2019, a grand jury returned an ancillary indictment of defendant as a habitual felon. On 10 September 2019, the State dismissed the charges of manufacture of cocaine and possession of drug paraphernalia, and defendant was tried before a jury on the remaining charges.

On 12 September 2019, the jury found defendant guilty of delivery of cocaine, conspiring to sell or deliver cocaine, possession with intent to sell and deliver cocaine, and sale of cocaine. During the charge conference, defense counsel raised no objection to the proposed jury instructions or verdict sheet. Defendant pleaded guilty to the status of habitual felon. At sentencing, the trial court arrested judgment on the conviction of delivering cocaine and consolidated the remaining three convictions into the single count of selling cocaine. Sale of cocaine is a class G felony, and was enhanced to a class C felony due to defendant's habitual felon status. The trial court thus sentenced defendant to 96 to 128 months' imprisonment and ordered defendant to undergo a substance abuse assessment and treatment. Defendant gave oral notice of appeal in open court.

II.     Discussion

Defendant's sole contention on appeal is that the trial court committed error or, in the alternative, plain error by improperly applying N.C. Gen. Stat. § 90-95 and sentencing him for a class G felony rather than a class H felony. Specifically, defendant argues that the trial court failed to sentence him based on the "sale or delivery" of cocaine and that the language of N.C. Gen. Stat. § 90-95 is ambiguous as to what punishment is required for such a conviction. We disagree.

At trial, defense counsel raised no objection to either the verdict sheet or the jury instructions. In addition, defense counsel moved to arrest judgment on defendant's conviction for delivery of cocaine, but not the sale of cocaine. On appeal, defendant now challenges the trial court's sentencing of him on the sale of cocaine charge rather than the "sale or delivery" of cocaine, despite failing to raise this issue at trial. This court reviews unpreserved issues on appeal for plain error.

> [T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done, or where [the error] is grave error which amounts to a denial of a fundamental right of the accused, or the error has resulted in a miscarriage of justice or in the denial to appellant of a fair trial or where the error is such as to seriously affect the fairness, integrity or public reputation of judicial proceedings or where it can be fairly said the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.

*State v. Lawrence*, 365 N.C. 506, 516-17, 723 S.E.2d 326, 333 (2012) (emphasis in original) (internal citations and quotation marks omitted) (quoting *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983)).

N.C. Gen. Stat. § 90-95(a)(1) makes it unlawful to "manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance." N.C. Gen. Stat. § 90-95(a)(1) (2019). The statute further provides that, generally, "any person who violates [the statute] with respect to: (1) [a] controlled substance classified in Schedule I or II shall be punished as a Class H felon" except that "the sale of a controlled substance classified in Schedule I or II shall be punished as a Class G felony[.]" N.C. Gen. Stat. § 90-95(b)(1). In *State v. Moore*, our Supreme Court interpreted the statute to mean that "a defendant may not . . . be convicted under N.C. [Gen. Stat.] § 90-95(a)(1) of both the sale *and* the delivery of a controlled substance arising from a single transfer." 327 N.C. 378, 382, 395 S.E.2d 124, 127 (1990) (emphasis in original). There, the defendant faced two indictments for two separate drug transactions, each charging him with possession of a controlled substance with intent to sell or deliver, sale of a controlled substance, and delivery of a controlled substance. *Id.* at 379-80, 395 S.E.2d at 125. The defendant was subsequently convicted of all three counts charged, with the trial court treating the sale count and delivery count as separate offenses. *Id.* at 380, 395 S.E.2d at 125-26.

The trial court consolidated the counts in each indictment for purposes of judgment and entered two judgments. *Id.* at 380, 395 S.E.2d at 126.

Our Supreme Court held that while a defendant may be indicted and tried under N.C. Gen. Stat. § 90-95(a)(1) for both the sale and delivery of a controlled substance, they may not be convicted of both if they arose from a single transfer. *Id.* at 382, 395 S.E.2d at 127. Instead, in rendering its verdict, the relevant determination for the jury is only "whether the defendant is guilty or not guilty of transferring a controlled substance to another person." *Moore,* 327 N.C. at 383, 395 S.E.2d at 127. The *Moore* court thus held that the jury was improperly allowed to convict the defendant of both the sale and delivery of a controlled substance arising from a single transfer. *Id.* It further remanded the case for sentencing because the three convictions had been consolidated into one judgment, leaving the Court "unable to determine what weight, if any, the trial court gave each of the separate convictions for sale and for delivery in calculating the sentences imposed upon the defendant." *Id.* at 383, 395 S.E.2d at 127-28.

Defendant contends that, based on *Moore*, he should have been sentenced based on the transfer of a controlled substance by "sale or delivery," and that the trial court erred by not doing so. Furthermore, defendant argues that while N.C. Gen. Stat. § 90-95 makes clear that selling cocaine should be punished as a class G felony and delivering cocaine punished as a class H felony, it is unclear as to what the

appropriate punishment is for judgment based on the "sale or delivery" of cocaine. Defendant argues the statute is thus ambiguous because if a jury returns a verdict that a defendant is guilty of "transferring a controlled substance to another person," and it is not clear whether the defendant is guilty of transfer by sale or by delivery, or both, the trial court will not be able to determine the appropriate class of felony for sentencing purposes. Defendant contends that, in light of the ambiguity, this Court should apply the doctrine of lenity, which requires the strict construction of the statute in favor of the defendant. *State v. Maness*, 363 N.C. 261, 300, 677 S.E.2d 796, 820 (2009) (quoting *State v. Scoggin*, 236 N.C. 1, 10, 72 S.E.2d 97, 103 (1952)). In defendant's view, because the delivery of cocaine carries a lesser punishment than the sale of cocaine, the trial court should have sentenced him based on delivering cocaine, a class H felony, rather than as a class G felony associated with selling cocaine. *See* N.C. Gen. Stat. § 90-95(b)(1). Accordingly, absent the trial court's error, defendant would have received a lesser sentence and was therefore prejudiced. We are not persuaded by defendant's argument.

The present case is distinguishable from *Moore* because, unlike the sentence of the defendant there, it is clear from the facts of this case how the trial court calculated the sentence it imposed on defendant. Here, though the jury convicted defendant of both selling and delivering cocaine, the trial court granted defendant's motion to arrest judgment on the delivery of cocaine conviction.

> A motion in arrest of judgment is proper when it is apparent that no judgment against the defendant could be lawfully entered because of some fatal error appearing in (1) the organization of the court, (2) the charge made against the defendant (the information, warrant or indictment), (3) the arraignment and plea, (4) the verdict, and (5) the judgment.

*State v. Pakulski*, 326 N.C. 434, 439, 390 S.E.2d 129, 131-32 (1990) (internal citations omitted) (quoting *State v. McGaha,* 306 N.C. 699, 702, 295 S.E.2d 449, 451 (1982)). "When judgment is arrested because of a fatal flaw which appears on the face of the record . . . the verdict itself is vacated and the state must seek a new indictment if it elects to proceed again against the defendant." *Id.* at 439, 390 S.E.2d at 132. Here, the trial court arrested judgment on the delivery of cocaine conviction, consolidated the remaining convictions into a single count of sale of cocaine, and sentenced defendant accordingly. Thus, the purpose of *Moore*—to prevent a defendant from being doubly punished for transfer arising from the same transaction—was ultimately achieved and the problem addressed by the *Moore* court eliminated: defendant was in effect only convicted and sentenced based on the sale of cocaine, rather than both the sale and delivery of cocaine.

The dilemma described by defendant is thus not the situation we are faced with here, and we need not address it. However, we note that, even if it were, this Court previously noted in *State v. Anthony Moore*, No.COA19-301, 2020 WL 64900, *2, n.1 (N.C. Ct. App. Jan. 7, 2020) that a trial judge's decision concerning how to sentence

a defendant based on a transfer by "sale or delivery" judgment will be based on certain critical facts proven at trial. Though our decision in *Anthony Moore* was unpublished, the same reasoning applies here. In addition, contrary to defendant's assertion, there is no requirement that the trial court must choose to vacate the more severe conviction rather than the lesser. *See State v. Fleig*, 232 N.C. App. 647, 651, 754 S.E.2d 461, 464 (2014) (remanding for sentencing a judgment based on both the sale and delivery of marijuana in a single transaction, and instructing the trial court to either vacate the sale of marijuana conviction or delivery of marijuana conviction). Accordingly, defendant cannot establish the prejudice needed to show that plain error occurred below.

## III.    Conclusion

For the foregoing reasons, we find no plain error.

NO ERROR.

Judges DIETZ and TYSON concur.