ALICE B. BOWDEN *vs.* WILLIAM T. IDE *et al.*

JULY 8, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)  Equity.   Partition.   Jurisdiction.*

Where a bill for partition prayed for partition of real estate located within this
State and the answer prayed for specific performance of an agreement to
partition real estate located within the State of Massachusetts as well as real
estate within this State and the parties thereafter entered into an arrange-
ment for partition of all of the real estate and entered a decree by consent
purporting to embody the terms of the agreement; by the entry of such
decree the parties and the court abandoned both bill and answer and the
decree not only was not based upon any issue in the case but purports to
partition real estate without this State and beyond the jurisdiction of the
court to partition, and as the decree was beyond the jurisdiction of the court
to enter it was invalid except as evidence of the agreement of the parties.

*(2)  Jurisdiction.   Consent.*

While jurisdiction of a person may be obtained by consent, consent cannot
confer jurisdiction of subject matter.

*(3)  Equity.   Consent Decrees.*

A consent decree, which was invalid as beyond the jurisdiction of the court
to enter, is no bar to the granting of relief by the court on bill for specific per-
formance filed thereafter.

BILL IN EQUITY.    Certified under Gen. Laws 1923, cap.
348, sec. 5.

RATHBUN, J.    This is a bill in equity which was com-
menced in the Superior Court.    The substance of the prayer
is for specific performance of a contract to convey real
estate.    What the complainant is really seeking is a reforma-
tion in the description of a deed to her from respondent
William T. Ide to the end that the deed convey the whole
instead of a portion of a parcel of real estate in accordance
with the alleged agreement and understanding of the

parties. The allegations in the bill are to the effect that. the error in description, whereby only a portion of the parcel intended to be conveyed was included in the description in the deed, was due to mutual mistake. It appears that the complainant and respondent William T. Ide were tenants in common of certain parcels of real estate located within the town of East Providence in this State, certain parcels located within the town of Seekonk in the Commonwealth of Massachusetts and one parcel situated partially within said town of East Providence and partially within said town of Seekonk; that the complainant brought. a bill for partition of that portion of said real estate which was situated within this State; that the respondent, William T. Ide, by way of answer set up that the parties had entered into an agreement to have the whole of said real estate, including that situated within said commonwealth, partitioned by arbitration and agreed to exchange deeds perfecting the record title of the parties respectively in accordance with the allotments made by the arbitrators; that in accordance with said agreement arbitrators were appointed who made partition of all of said real estate by metes and bounds by allotting certain parcels to the complainant and the remaining parcels to respondent Ide; that the allotment. to the respondent was made subject to the condition that the respondent convey to his son the parcels which were thus conditionally allotted to the respondent. The answer alleged that the arbitrators by making a conditional allotment to respondent exceeded their authority; that the condition attached to said allotment was void and prayed for specific performance of the agreement to exchange deeds in accordance with the allotments of the arbitrators. The answer offered to execute deeds conveying to the complainant the respondent's interest in the parcels allotted to her, provided she executed deeds conveying to him her interest in the parcels conditionally allotted to him. By his answer the respondent refused to exchange deeds and accept the allotments to him subject to said conditions which the

arbitrators imposed. The decision of the Superior Court was that, regardless of the validity of the partition as made by the arbitrators, the respondent was not entitled to specific performance because he refused to accept the conditions which the arbitrators imposed. Thereafter, without any change in the pleadings, the parties entered into an agreement partitioning all of said real estate, including that situated in the Commonwealth of Massachusetts, on a basis entirely independent of the arrangement and allotments made by the arbitrators. The parties prepared a decree which purported to embody the terms of said agreement. This decree was entered in settlement of the suit for partition with consent of the parties by the Superior Court. The decree directed each party to execute and deliver to the other a deed to complete their respective record titles in accordance with the allotments in the decree; and the parties complied with this provision.

One of the parcels allotted to the complainant is referred to as the Barney Homestead property and was described in the decree, and also in the deed to the complainant, as bounded on one side by the line between the State of Rhode Island and the Commonwealth of Massachusetts. The complainant alleges in the bill before us that it was the intention of the parties to said proceeding for partition to allot to the complainant all of the Barney Homestead property; that said property is located partially within this State and partially within the town of Seekonk in Massachusetts; that by mistake in said decree said property was described therein as bounded on one side by the line between this State and said Commonwealth, and that the same description was incorporated into the deed which William T. Ide executed and delivered to her, with the result that by said decree and deed she acquired, as to the Barney Homestead, the grantor's interest in only so much thereof as was situated within this State. She further alleges that she learned of said mistake only a short time before the filing of this bill.

The complainant contends that she and respondent William T. Ide are tenants in common in that portion of the Barney Homestead property which is situated within the Commonwealth of Massachusetts and prays that the respondents be compelled to make conveyance of their interest in said homestead property to her.

The respondents in their answer to the bill before us set up said decree and contend (1) that the matter is *res adjudicata;* (2) that as the decree was entered by consent it can not be modified except by consent; (3) that, as more than one year has elapsed since the entry of the decree, it can not be attacked either directly or collaterally.

At the hearing in the Superior Court on the question of the sufficiency of said answer, which was before trial on the merits, questions of law having arisen which in the opinion of said court are of such doubt and importance and so affect the merits of the controversy that they ought to be determined by the Supreme Court before further proceedings, the cause was certified to us, in accordance with the provisions of Section 5, Chap. 348, Gen. Laws 1923, for determination of the following questions:

1. Is the present cause, commenced more than one year after the final decree in the former partition proceedings, barred by reason of this lapse of time?

2. If not, has the Superior Court, sitting in equity jurisdiction in the present cause to relieve against the mistake contained in the consent decree entered in the former partition proceedings?

Without considering the question whether a consent decree may be modified except by consent or whether equity will, after more than one year, grant relief either directly or collaterally from a decree which does not exceed the jurisdiction of the court and contains such a mistake as we have above outlined, we are of the opinion that the decree in question is no bar to equitable relief in the proceedings before us.

The bill for partition prayed for partition of real estate (1) located within this State.  The answer prayed for specific performance of an agreement to partition real estate located within the Commonwealth of Massachusetts as well as real estate located within this State.  The parties and the court, by entering the consent decree, abandoned both the bill and answer, and the decree not only is not based upon any issue in the case but purports to partition real estate which is without this State and hence beyond the jurisdiction of the courts of this state to partition.  It was suggested that the parties consented to the taking of jurisdiction by the court; but, while jurisdiction of a person may be obtained by consent, consent can not confer jurisdiction of subject-(2) matter.  The rule is stated in 7 R. C. L. at 1039 as follows: "It is a universal rule of law that parties cannot, by consent, give a court, as such, jurisdiction in a matter which is excluded by the laws of the land.  In such a case the question is not whether a competent court has obtained jurisdiction of a party triable before it, but whether the court itself is competent under any circumstances to adjudicate a claim against the defendant.  And where there is want of jurisdiction of the subject-matter, a judgment is void as to all persons, and consent of parties can never impart to it the vitality which a valid judgment derives from the sovereign state."   See also 20 R. C. L. 727.

Counsel, while not contending that the Superior Court had jurisdiction to make the decree effective in Massachusetts, argued that the court, having jurisdiction of the parties, could proceed against them *in personam* and require them under penalty of attachment for contempt to execute such conveyance as the court may decree.  No authority was cited in support of this argument.

Courts of one state, having jurisdiction of the parties, have frequently decreed specific performance of a contract to convey land situated within another state.  The action is based on contract and is therefore transitory.  In foreclosure proceedings courts have required a mortgagor to

make conveyance of real estate a part of which was located within another state. Here again the basis of the action was contract. Where a person, while acting as an agent for another, takes title in his own name under such circumstances that the agent is a trustee of the land for his principal, courts of one state have required such trustee to make conveyance of the legal title of the land situated within another state, and where the parties have entered into an agreement to partition real estate situated in one state a court of another state having jurisdiction of the parties will enforce specific performance of the contract, but we have been unable to discover any case in which a court has, in the absence of some such agreement, enforced partition of land situated within another state. While the cases are not numerous there is ample authority as well as reason for denying jurisdiction. In *Massie* v. *Watts*, 6 Cranch. at 158, is a clear and somewhat comprehensive statement of the rule by Chief Justice MARSHALL. The defendant in that case, while acting for the plaintiff, fraudulently obtained title to the plaintiff's land. The land was situated in Ohio. A court in Kentucky by decree ordered the defendant to make conveyance to the plaintiff. In an opinion sustaining the State court the Chief Justice stated as follows: "this court is of opinion, that there is much reason for considering it as a local action, and for confining it to the court sitting within the state in which the lands lie. Was this cause, therefore, to be considered as involving a naked question of title, . . . the jurisdiction of the circuit court of Kentucky would not be sustained. But where the question changes its character, where the defendant in the original action is liable to the plaintiff, either in consequence of contract, or as trustee, or as the holder of a legal title acquired by any species of *mala fides* practised on the plaintiff, the principles of equity give a court jurisdiction wherever the person may be found, and the circumstances, that a question of title may be involved in the inquiry, and may even constitute the essential point on which

the case depends, does not seem sufficient to arrest that jurisdiction." In *Schick* v. *Whitcomb*, 94 N. W. (Neb.) 1023, the defendants contended that the partition proceedings were erroneous because certain lands situated in the Commonwealth of Pennsylvania and owned by the parties as tenants in common should have been included in the action and partitioned by the decree. The court in denying the contention stated, at p. 1029, as follows: "They concede that the courts of this state have no jurisdiction of lands in another state, but insist that a personal adjudication would bind the parties as in the case of a decree for specific performance for the conveyance of land in another state, enforceable by injunction, attachment, or like process against the person, or which would be available in an action between the same parties in such other state concerning the title to the lands lying there. The argument in this behalf is based on the assumption that the maxim that equity operates *in personam* and not *in rem*, applies to cases of this character. But such is not the case." In *Wimer* v. *Wimer*, 82 Va. 890, 3 A. S. R. 126, the court, at p. 901, quoted from *Blanchard* v. *Russell*, 13 Mass. 4, as follows: "it is undoubtedly well settled that in cases of fraud, trust or contract, courts of equity will, whenever jurisdiction over the parties has been acquired, administer full relief without regard to the nature or situation of the property in which the controversy had its origin, and even where the relief sought consists in a decree for the conveyance of property which lies beyond the control of the court, provided it can be reached by the exercise of its powers over the person, and the relief asked is of such a nature as the court is capable of administering." At page 902 of the Virginia report the opinion continues as follows: "it is perfectly manifest that a court of chancery in Virginia has no jusrisdiction to decree a partition of lands in another state, and this, for the plain reason before given that the right to transfer, partition and change real estate, belongs, exclusively, to the state within whose territory it is situate. In order to make a partition the

court must invade by its officers the soil of another state, and divide up and allot its lands to suit the views of a foreign jurisdiction. This cannot be done." To the same effect see *Cartwright* v. *Pettus,* 2 Ch. Cas. 214; *Kennedy* v. *Cassillis,* 2 Swanst. 313; *Poindexter* v. *Burwell,* 82 Va. 507; *Pillow* v. *Improv. Co.,* 92 Va. 144; *Johnson* v. *Kimbro,* 3 Head 557; *Page* v. *McKee,* 3 Bush. 135 and note in 69 L. R. A. 692.

As the decree in question was beyond the jurisdiction of the court to enter it follows that the decree was invalid as a decree of court and is of no force except as evidence of an agreement of the parties.

In answer to the second question propounded by the order of certification our answer is that the consent decree is no bar to granting relief by the Superior Court. Having reached this conclusion it becomes unnecessary to answer the first question.

(3) The question whether it is necessary to reform the agreement to convey before considering the question of specific performance was neither argued nor raised and we have consequently expressed no opinion in reference thereto.

The papers in the case with our decision certified thereon are ordered sent back to the Superior Court for further proceedings.

*Greenough, Easton & Cross, Harvey S. Reynolds,* for complainants.

*John P. Beagan,* for respondent.