**In re EDWARD.**

**No. 81–86–Appeal.**

Supreme Court of Rhode Island.

Feb. 16, 1982.

Stone, Clifton & Clifton, Walter R. Stone, Providence, for appellant.

Denise M. Auger, Asst. City Sol., Woonsocket, for appellee.

1. General Laws 1956 (1981 Reenactment) § 14–1–3(D) provides that "[t]he term 'adult' shall mean a person eighteen (18) years of age or older."

OPINION

WEISBERGER, Justice.

This matter comes before us on appeal from an adjudication by the Family Court finding the respondent (Edward) to be delinquent because he had committed the offense of larceny from the person in violation of G.L. 1956 (1981 Reenactment) § 11–41–7. In his appeal the respondent raises the issue of the adequacy of the evidence to sustain this finding. We shall not reach this issue because our examination of the record indicates that the Family Court lacked subject-matter jurisdiction of this offense.

It is undisputed that Edward's birth date was May 17, 1962. It is further undisputed that the alleged offense took place on May 16, 1980, the day immediately preceding Edward's eighteenth birthday.

The Family Court has been given exclusive jurisdiction in respect to "matters relating to delinquent [and] wayward * * * children" by G.L. 1956 (1969 Reenactment) § 8–10–3, as amended by P.L. 1980, ch. 54, § 1. The term "child" is defined in G.L. 1956 (1981 Reenactment) § 14–1–3(C) as "a person under eighteen (18) years of age." [1]

Consequently, the subject-matter jurisdiction of the Family Court depends on whether Edward was a "child" upon the date when the alleged offense took place. We have held in *Leo v. Maro Display, Inc.*, R.I., 412 A.2d 221, 221–22 (1980), that at common law a person reaches his or her next year in age at the first moment of the day prior to the anniversary date of his or her birth. In reaching this determination, we relied upon *Nichols v. Ramsel*, 2 Mod. 280, 86 Eng.Rep. 1072 (1677); *Turnbull v. Bonkowski*, 419 F.2d 104 (9th Cir. 1969); *Nelson v. Sandkamp*, 227 Minn. 177, 34 N.W.2d 640 (1948); *State v. Brown*, 443 S.W.2d 805 (Mo.1969);

Section 14–1–3(F) provides that "[t]he term 'delinquent' when applied to a child shall mean and include any child—
[w]ho has committed any offense which, if committed by an adult, would constitute a felony * * *."

State of New Jersey in the Interest of F.W., 130 N.J.Super. 513, 327 A.2d 697 (1974); Firing v. Kephart, 466 Pa. 560, 353 A.2d 833 (1976). The cases are further collected in 5 A.L.R.2d 1153–54 (1949).

Although Leo v. Maro Display, Inc., supra, involved a claim under our workers' compensation statute, the determination of the time of attainment of age eighteen is entirely applicable to and controls the subject-matter-jurisdiction question in the case at bar.

▆▆▆ Since Edward was born on May 17, 1962, he attained the age of eighteen on the first moment of May 16, 1980, the day before the anniversary date of his birth. Therefore, he was eighteen years of age on the date of the alleged offense. Since he had attained the age of eighteen, he was an adult within the definition of § 14–1–3(D). Further, § 15–12–1 provides:

"Notwithstanding any general or public law or provision of the common law to the contrary, all persons who shall have attained the age of eighteen (18) years, shall be deemed to be persons of full legal age. Said persons shall have all the duties and obligations, rights and privileges imposed or granted by law upon those persons heretofore having attained the age of twenty-one (21) years."

Although the parties have not raised the issue of subject-matter jurisdiction in their briefs or at oral argument, the essential ingredient of subject-matter jurisdiction may not be conferred by acquiescence or even agreement of the parties. Paolino v. Paolino, R.I., 420 A.2d 830, 835 (1980); Castellucci v. Castellucci, 116 R.I. 101, 103, 352 A.2d 640, 642 (1976); Bowden v. Ide, 48 R.I. 441, 445, 138 A. 190, 191 (1927). Since the Family Court did not have jurisdiction to entertain this petition, its finding of delinquency cannot stand.[2]

For the reasons stated, the appeal of the defendant is sustained, the judgment of the Family Court is vacated, and the case is remanded to the Family Court with directions to dismiss the petition for want of jurisdiction.

---

2. Since Edward was an adult at the time of the alleged commission of this offense, he was subject to prosecution by the usual criminal procedures of information or indictment.