STATE

v.

James JORDAN.

No. 86–78–C.A.

Supreme Court of Rhode Island.

July 9, 1987.

James E. O'Neil, Atty. Gen., Annie Goldberg, Thomas Dickinson, Asst. Attys. Gen., Providence, for plaintiff.

Bruce Pollock, West Warwick, for defendant.

OPINION

WEISBERGER, Justice.

This case comes before us on appeal by the defendant, James Jordan, from a judgment of conviction entered after a jury trial in the Superior Court. The jury returned a guilty verdict on one count of first-degree child-molestation sexual assault in violation of G.L. 1956 (1981 Reenactment) § 11–37–8.1, as amended by P.L. 1984, ch. 59, § 2. We reverse. The complaining witness, Catherine N.,[1] testified to the following facts at trial.

On or about January 12, 1985, Catherine telephoned defendant and asked him to take her to the West Warwick police station so that she could lodge sexual-assault complaints against both her brother and her uncle. Catherine testified that she had met defendant through a friend a few months previous to the date in question and that she had seen defendant several times subsequent to their initial meeting. The defendant arrived to pick Catherine up, and after stopping at his house to get beer, the couple went for a drive, eventually returning to defendant's house. Catherine accompanied defendant inside his house and up the stairs to his bedroom where the couple engaged in sexual intercourse.[2] At

---

1. This is a fictional name adopted to protect the identity of the complaining witness.

2. Although Catherine testified at trial that defendant forced her to engage in sexual intercourse, defendant was not charged with forcible

the time of this occurrence, Catherine was thirteen years and ten months old. The defendant was twenty.

Section 11–37–8.1 provides as follows: "Definition of guilt of first degree child molestation sexual assault.—A person is guilty of first degree child molestation sexual assault if he or she engages in sexual penetration with a person thirteen (13) years of age or under."

The first two issues raised by defendant center on interpretation of this statute. The defendant asserts that (1) a person who has passed his or her thirteenth birthday is not thirteen years of age or under within the meaning of § 11–37–8.1, and (2) knowledge of the victim's age is an element of the crime of first-degree child-molestation sexual assault. Additionally, defendant argues that the trial justice erred in denying his motion for new trial.

## I

## THE VICTIM WAS NOT "THIRTEEN YEARS OF AGE OR UNDER"

The defendant contends that the trial justice erred in denying his motion for judgment of acquittal. That motion was based on defendant's contention that Cath-

erine, aged thirteen years and ten months at the time of the alleged offense, was not a person "thirteen (13) years of age or under" within the meaning of § 11–37–8.1. The defendant takes the position that a person is no longer aged thirteen or under once that person has reached the day before the thirteenth anniversary of his or her birth.[3] After that date, defendant argues, a person is more than thirteen years old and not within the purview of § 11–37–8.1.

In considering defendant's assertion, we have carefully examined the development of the sexual-assault statutory scheme. In 1979 the Legislature repealed its prior laws relating to rape and seduction and enacted chapter 37 of title 11.[4] P.L. 1979, ch. 302, § 1 and § 2. Under chapter 37 as it existed in 1979, sexual penetration of a person "under thirteen (13) years of age" constituted first-degree sexual assault.[5] Sexual penetration of a person "over the age of thirteen (13) years and under the age of consent, sixteen (16) years of age" constituted third-degree sexual assault.[6] (See appendix A.)

Thus, the statutory scheme prohibited sexual penetration of persons "under thirteen" and persons over thirteen and under

sexual assault under G.L. 1956 (1981 Reenactment) § 11–37–2. Moreover, the sentencing justice found that the act of sexual intercourse was voluntary.

3. In *In re Edward,* 441 A.2d 543 (R.I. 1982), this court held that a person reaches his or her next year in age on the day prior to the anniversary of his or her birth. Therefore, a person born on May 2, 1977, would be exactly ten years of age on May 1, 1987, not on May 2, 1987. Thus in the *Edward* case we held that on the day before a person's eighteenth birthday, that person was exactly eighteen years of age and could not be considered to be under eighteen years of age within the meaning of G.L. 1956 (1981 Reenactment) § 14–1–3(C).

4. The crime commonly known as statutory rape was legislatively created in England in the latter part of the thirteenth century and prohibited carnal knowledge of a woman aged twelve years or under. Statute of Westminster I, 3 Edw. 1, c. 13 (1275); 4 Blackstone, Commentaries *212. In 1889 the Rhode Island General Assembly enacted a statute that first defined the offense of statutory rape within this state. This statute prohibited carnal knowledge of a girl under the

age of fourteen years. P.L. 1889, ch. 738, § 1. The statute was amended five years later, to apply to carnal knowledge of a girl under the age of sixteen years. P.L. 1894, ch. 1270, § 1. The crime of statutory rape thereafter remained unchanged until 1979 when the Legislature created the statutory scheme set forth in appendix A.

5. Section 11–37–2 provides: "First degree sexual assault.—A person is guilty of first degree sexual assault if he or she engages in sexual penetration with another person, not the spouse of the accused, and if any of the following circumstances exist:

(A) The victim is under thirteen (13) years of age."

6. Section 11–37–6 provides: "Third degree sexual assault.—A person is guilty of third degree sexual assault if he or she is over the age of eighteen (18) years and engaged in sexual penetration with another person over the age of thirteen (13) years and under the age of consent, sixteen (16) years of age."

Second-degree sexual assault addressed prohibited sexual contact, not sexual penetration, and is therefore not pertinent to our discussion.

sixteen. It did not, however, proscribe sexual penetration of persons exactly thirteen years of age. A person who is exactly thirteen years of age is no longer "under thirteen." *People v. Dudley,* 53 Cal. App. 2d 181, 127 P.2d 569 (1942); *Davis v. State,* 152 Ga. 320, 110 S.E. 18 (1921); *Commonwealth v. Howe,* 35 Pa. Super. 554 (1908); *see In re Edward,* 441 A.2d 543 (R.I. 1982) (a person exactly eighteen years of age is not "under eighteen"). Nor is a person who is exactly thirteen years of age "over thirteen." *State v. Linn,* 363 P.2d 361 (Alaska 1961); Farrow v. State, 258 A.2d 276 (Del. 1969); *Green v. Patriotic Order Sons of America,* 242 N.C. 78, 87 S.E.2d 14 (1955); *State v. Maxson,* 54 Ohio St. 2d 190, 375 N.E.2d 781 (1978); *In re Smith,* 351 P.2d 1076 (Okla.1960).

Under the sexual-assault statutory scheme as it existed in 1979, therefore, sexual penetration of a person exactly thirteen years of age was prohibited neither by § 11–37–2 defining first-degree sexual assault nor by § 11–37–6 defining third-degree sexual assault. In 1981, however, the Legislature amended the first-degree sexual-assault statute to apply to victims "thirteen (13) years of age or under." P.L. 1981, ch. 119, § 1. At that time, the Legislature made no other changes in the statute and did not amend the third-degree sexual-assault statute.

After this change, first-degree sexual assault was defined as sexual penetration of a person "thirteen (13) years of age or under." Third-degree sexual assault continued to be defined as sexual penetration of a person "over the age of thirteen (13) years and under the age of consent, sixteen (16) years of age." (See appendix A.) In 1984 the Legislature revised chapter 37 of the General Laws and created the present statute, § 11–37–8.1, which was entitled "First Degree Child Molestation Sexual Assault." This revision simply had the effect of removing first-degree child-molestation sexual assault from the provisions of § 11–37–2 but otherwise left the definition of the crime unchanged. P.L. 1984, ch. 59, § 2. (See appendix A.) In short, the Legislature since 1981 defined two separate offenses. First-degree child-molestation sexual assault (punishable by from twenty years to life imprisonment) prohibits sexual penetration, whether voluntary or otherwise, in respect to a child thirteen years of age or under. Third-degree sexual assault (punishable by a maximum penalty of five years imprisonment) prohibits sexual penetration of a victim over the age of thirteen years and under sixteen years. These two statutes must be read in pari materia in order that the interpretation be consistent and harmonious.

If we were to accept the state's position that the Legislature intended in its 1981 amendment of the first-degree sexual-assault statute to include within its provisions not only persons who are exactly thirteen years of age but also those persons who have passed the date on which they attained the age of thirteen, but are not yet fourteen, then we must also determine that the third-degree sexual assault-statute applies only to those persons who are fourteen years of age and over but under sixteen. Otherwise, both statutes would proscribe sexual assault upon persons who are older than exactly thirteen years of age but are not yet fourteen, vesting the state's counsel with unfettered discretion to prosecute under either statute, one of which carries a minimum sentence of twenty years' imprisonment and a potential sentence of life imprisonment, the other carrying a maximum penalty of five years' imprisonment. Sections 11–37–8.2 and 11–37–7.

Further, if we were to accept the state's contention, bearing in mind that the age provision for third-degree sexual assault has remained unchanged, we should find that this would have led to an anomalous result when the two statutes were promulgated in 1979. At that time the first-degree sexual-assault statute provided a penalty for sexual penetration of a person under thirteen years of age. At the same time the third-degree sexual-assault statute provided a penalty for sexual penetration of a person over thirteen years of age. The state would have us construe the term over thirteen as meaning fourteen years of age. In 1979 such a construction would

have resulted in there being no prohibition against sexual penetration of a person who had attained the age of thirteen years but was not yet fourteen. Such an intent could not be ascribed to the Legislature. As we have often stated, the Legislature should never be presumed to have intended to enact laws that are absurd, unjust, or unreasonable. *Trembley v. City of Central Falls,* 480 A.2d 1359 (R.I. 1984); *Wilkinson v. Harrington,* 104 R.I. 224, 243 A.2d 745 (1968); *Scituate v. O'Rourke,* 103 R.I. 499, 239 A.2d 176 (1968).

■ It is our conclusion, therefore, that the words "over the age of thirteen (13) years" as used in § 11–37–6, do not in fact mean aged fourteen and over. When the statute was first enacted in 1979, one would have been hard pressed to argue that a person aged thirteen years and ten months was not included within its terms because at that time the first-degree statute was applicable only to persons "under thirteen." Certainly the sexual-assault chapter as it existed in 1979 could not have been construed so as to ascribe to the Legislature an intent to prohibit sexual penetration of persons under thirteen years of age and of persons between the ages of fourteen and sixteen and to omit the prohibition of sexual penetration of persons who are between thirteen and fourteen years of age. This court must assume that the Legislature intended that statutes relating to the same subject matter be construed together to be consistent and to effectuate the policy of the law. *Rhode Island Higher Education Assistance Authority v. Rhode Island Conflict of Interest Commission,* 505 A.2d 427 (R.I. 1986); *Rhode Island State Police Lodge No. 25 v. State,* 485 A.2d 1245 (R.I. 1984); *Pickering v. American Employers Insurance Co.,* 109 R.I. 143, 282 A.2d 584 (1971).

■ Consequently, the only harmonious interpretation of these statutes would be one that construed thirteen years or under to include only those victims who had reached the day prior to their thirteenth birthday or were under that age. The provisions over thirteen but under sixteen include those victims who were beyond the day just prior to their thirteenth birthday but had not yet reached the day prior to their sixteenth birthday.

Historically we believe the Legislature may have inadvertently created an apparent gap between first-degree and third-degree sexual assault. Initially, when the statute was enacted in 1979, first-degree sexual assault was applicable only to victims who were under thirteen years of age. Third-degree sexual assault was applicable to victims over the age of thirteen years. Thus it might have been argued that there was no statute proscribing sexual penetration of a person who was exactly thirteen years of age. We believe that subsequent amendments were designed to clarify this ambiguity. It is clear from reviewing the development of the sexual-assault statutory scheme that the Legislature amended § 11–37–2 in 1981 to fill the one-day gap that existed previously by including within its provisions those persons who are exactly thirteen years old. Persons who are more than exactly thirteen years of age are included within the provisions of § 11–37–6. Therefore, we conclude that § 11–37–8.1 applies to those persons under thirteen years of age and to those who are exactly thirteen years of age as defined by this court in *In re Edward,* 441 A.2d 543 (R.I. 1982). Upon and after the thirteenth anniversary of a person's birth, he or she is "over thirteen" within the meaning of § 11–37–6.

In this context let us attempt to apply the facts of this case to these two statutory prohibitions. It is undisputed that the age of this victim at the time of the offense was thirteen years and ten months. She was therefore, under our holding in *In re Edward,* over the age of thirteen since she had attained that age on the day preceding her thirteenth birthday.

We observe that courts considering the interpretation of statutes applicable to persons of a designated age "and under" are in considerable disagreement.[7] The fact

---

7. We have reviewed a number of cases from

other jurisdictions that have determined the ap-

that there is a split of authority in the interpretation of these statutes is some indication that the statutes, unless clarified by analysis of the state's statutory scheme, are ambiguous. It is well settled that penal statutes must be strictly construed in favor of the party on whom penalty is to be imposed. *State v. Calise,* 478 A.2d 198 (R.I. 1984); *State v. Austin,* 462 A.2d 359 (R.I. 1983); *Eaton v. Sealol, Inc.,* 447 A.2d 1147 (R.I. 1982). Moreover, when the meaning of a criminal statute is ambiguous, the policy of leniency in construction of criminal statutes requires that the less harsh of two possible meanings be adopted. *State v. Anthony,* 422 A.2d 921 (R.I. 1980).

Because we have determined that consensual sexual activity with a person who has passed the thirteenth anniversary of his or her birth does not constitute the offense of first-degree child-molestation sexual assault, the defendant was entitled to a judgment of acquittal since the undisputed evidence did not prove the offense as charged. In light of this determination it is unnecessary to consider the remaining issues raised by the defendant.

For the reasons stated, the defendant's appeal is sustained and the judgment of conviction is reversed. The papers in the case may be remanded to the Superior Court with directions to enter a judgment of acquittal on the charge of first-degree child-molestation sexual assault.[8]

---

plicability of statutes concerning an offense against a child of a designated age "or under" to persons who have passed the anniversary date of the specified age. Several jurisdictions, in interpreting such a statute, have held that such a provision is inapplicable to persons who have passed the anniversary date of that age. *Knott v. Rawlings,* 250 Iowa 892, 96 N.W.2d 900 (1959); *People v. O'Neill,* 208 Misc. 24, 53 N.Y.S. 2d 945 (1945) (based on statutory amendment enacted five years after decision, however, the opposite construction was later placed on basically the same wording in *People v. Wilkins,* 22 A.D.2d 497, 257 N.Y.S. 2d 288 (1965), wherein the court, although noting the clumsiness of the words used by the Legislature, observed the clear legislative intent to change the statute made apparent by an examination of the legislative history); *State v. McGaha,* 306 N.C. 699, 295 S.E.2d 449 (1982). Other states have reached a contrary result. *Hansen v. State,* 421 So. 2d 504 (Fla. 1982); *State v. Carlson,* 223 Neb. 874, 394

## APPENDIX A

### TABLE OF STATUTORY CHANGES

#### 1979 REVISION

"Section 11-37-2. First degree sexual assault.—A person is guilty of first degree sexual assault if he or she engages in sexual penetration with another person, not the spouse of the accused, and if any of the following circumstances exist:

(A) The victim is under thirteen (13) years of age."

"Section 11-37-6. Third degree sexual assault.—A person is guilty of third degree sexual assault if he or she is over the age of eighteen (18) years and engaged in sexual penetration with another person over the age of thirteen (13) years and under the age of consent, sixteen (16) years of age." *

#### 1981 REVISION

"Section 11-37-2. First degree sexual assault.—A person is guilty of first degree sexual assault if he or she engages in sexual penetration with another person, not the spouse of the accused and if any of the following circumstances exist:

(A) The victim is thirteen (13) years of age or under."

"Section 11-37-6. Third degree sexual assault.—A person is guilty of third degree sexual assault if he or she is over the age

---

N.W.2d 669 (1986); *Phillips v. State,* 588 S.W.2d 378 (Tex. Crim. App. 1979). None of the states considering the issue, however, were confronted with a statutory scheme such as has developed in Rhode Island. We do not, therefore, rely on these cases in reaching our conclusion that § 11-37-8.1 is inapplicable to a person aged thirteen years and ten months but instead base our decision on the foregoing analysis of our sexual-assault statutory scheme.

8. Since third-degree sexual assault is not a lesser included offense but is a separate offense from violation of § 11-37-8.1, the state is not barred by double-jeopardy principles from prosecuting the defendant for violation of § 11-37-6. *See Blockburger v. United States,* 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

* It should be noted that throughout this period § 11-37-6 remains unchanged.

of eighteen (18) years and engaged in sexual penetration with another person over the age of thirteen (13) years and under the age of consent, sixteen (16) years of age." *

1984 REVISION

"Section 11–37–8.1. Definition of Guilt of first degree child molestation sexual assault.—A person is guilty of first degree child molestation sexual assault if he or she engages in sexual penetration with a person thirteen (13) years of age or under."

"Section 11–37–6. Third degree sexual assault.—A person is guilty of third degree sexual assault if he or she is over the age of eighteen (18) years and engaged in sexual penetration with another person over the age of thirteen (13) years and under the age of consent, sixteen (16) years of age." *