## STATE

v.

## Gordon KOPKA.

### No. 91–241–C.A.

Supreme Court of Rhode Island.

Dec. 12, 1991.

James E. O'Neil, Atty. Gen., John E. Sullivan, Asst. Atty. Gen., for plaintiff.

John F. Cicilline, Providence, for defendant.

### ORDER

This case came before the court for oral argument December 2, 1991, pursuant to an order which had directed both parties to appear and show cause why the issues raised by this appeal should not be summarily decided.

In this case the state appealed from the trial justice's granting of defendant's pretrial motion to dismiss for lack of a speedy trial.

After hearing the arguments of counsel and examining the memoranda filed by the

**1362**

parties, we are of the opinion that the trial justice was in error in dismissing the case on speedy trial grounds. After considering the (1) length of the delay, (2) the reason for the delay, (3) the date of the defendant's assertion of his right, and (4) the prejudice to the defendant; we conclude that the judgment of dismissal was not supported by the circumstances of this case. The state established reasonable grounds for the length of the delay, namely the dismissal of the original indictment and the recharging of the defendant after this court's decision in the case of *State v. Jordan*, 528 A.2d 731 (R.I.1987). The delay subsequent to the recharging was not unreasonable in light of the conflicting engagements of counsel for the defendant and other neutral factors such as crowded dockets. It should also be noted that defendant did not move for a speedy trial until December 22, 1989. The motion was granted on January 9, 1990. The case was reached for trial on March 4, 1991, at which time a motion to dismiss for lack of speedy trial was granted. From the date of defendant's recharge by information, September 12, 1988, he was free on personal recognizance. No significant prejudice to the defendant was demonstrated subsequent to that date.

Consequently, the state's appeal is sustained. The case is remanded to the Superior Court for trial as expeditiously as possible.