DECISION
This is an application for post-conviction relief pursuant to § 10-9.1-1 R.I.G.L. The petitioner is William B. Winters. (Winters)
Winters was charged, indicted and tried on twenty-nine (29) counts of first and second degree sexual assault against children in the Lincoln area in Rhode Island. After jury trial in the Superior Court, he was convicted on September 30, 1983 of seventeen (17) of the charges and acquitted of twelve (12). On December 6, 1983 he was sentenced to serve a total of forty (40) years at the Adult Correctional Institutions with an additional suspension of sentence and probation for a period of ten years following his release from incarceration. Following his convictions and sentences, he filed his appeal in the Supreme Court and that Court on October 15, 1984 denied and dismissed his appeal. On October 13, 1989 he filed his application for post-conviction relief, pro se.
In his 1989 application Winters alleged that he was denied a fair trial because of ineffective assistance by his trial counsel, Richard Casparian, the State's Public Defender. He claims that Attorney Casparian failed to adequately prepare for trial and that he "based the entire defense upon an outdated criminal statute." In a later application, he asserted that Attorney Casparian had met with him on only one occasion, September 25, 1983, the evening prior to the scheduled trial, and on that occasion was told that he "had nothing to worry about" except for only one charge, namely count 3, and that if found guilty on that charge, he would "only face a five year sentence." Winters alleges also, that Attorney Casparian told him that he would be acquitted on all other 28 charges or counts.
On September 26, 1983, when Winters was brought into the Superior Court to begin hearings on his motion to suppress both his written and recorded confessions to the various charges, he alleges that Attorney Casparian then told him, as well as his parents, that the State "isn't offering much, 20-25 years," but that the "most time he would end up receiving would be a five year sentence." He alleges that he rejected that plea offer because he was relying upon what Attorney Casparian had told him.
In May 1995, Winters, now represented by new counsel, was granted permission to substitute a new application for post-conviction relief. In that latest application he alleged that he was not informed of the State's 25 year offer, and that it was Attorney Casparian who rejected the plea proposal. He reasserted however Attorney Casparian's assurance that his "maximum exposure was only five years for the offenses the State would be able to prove." He also reasserted his earlier allegation that Attorney Casparian had mistakenly relied upon criminal statutes 11-37-2 and 11-37-4, without knowing that each had been amended in 1981 by Chapter 119, P.L. 1981. Actually, all that was accomplished by the amendment was a change in the wording used in defining first and second degree sexual assault involving children from under 13 years of age, to 13 years ofage or under. That change was in apparent anticipation of the issue of age determination raised in the then pending In reEdward case, which was later decided by our Supreme Court. Inre Edward, 441 A.2d 543 (R.I. 1982).
It is interesting to note the then existing confusion regarding that age determination issue. State v. Jordan,528 A.2d 731 (R.I. 1987) and State v. Collins, 543 A.2d 641 (R.I. 1989) both later cases point out the legal complications inherent in what Attorney Casparian had to contend with. At the time of this trial In re Edward, supra, was controlling.
It should be noted also at this point, that Attorney Casparian, as well as the State's prosecutor, was unaware of the 1981 legislative amendment above noted. The amendment concerned however only two (2) of the seventeen (17) charges that Winters was tried and convicted on, and incidentally did not in any way affect the proof of Winters' actual commission of the sexual acts alleged. The fact that the young victim was thirteen years and eight months at the time that he was sexually assaulted by Winters did not exclude Winters from conviction under the then existing In re Edward, supra, formulae for computing age. It was not until four years later in State v. Jordan, supra, in 1987, and later in State v. Collins, supra, in 1989, that the former In re Edward formulae was held inapplicable in cases arising under 11-37-2 and 11-37-4, and then, only because of the overlapping of the ages prescribed in each. Accordingly, while the 1989 State v. Collins case age computation formulae,supra, now renders Winters' convictions on Counts 4 and 5 invalid, his remaining fifteen convictions on the other counts are unaffected thereby. To that extent, his post-conviction request for relief from the convictions on Counts 4 and 5 is both proper and mandated by State v. Collins, supra.
Taking up Winters' contention that Attorney Casparian did not inform him of the State's alleged pre-trial plea offer of 25 years, I do not believe Winters' testimony relative thereto. His present counsel in his memorandum of law asserts that Attorney Casparian "performed deficiently in failing to inform" Winters "of the proposed plea agreement." First, there was no agreement. Attorney Casparian testified that he recalled a September 25, 1983 two hour meeting with Winters. He testified that he did not recall any discussion regarding a five year sentence. He also testified that he realized that there was no available defense to the charges and after discussing the cases with Winters, that Winters would not enter a plea if "long time was involved." Attorney Casparian testified also that on the morning of the trial, the State did make a plea offer, which he could not recall in detail, and that he may have spoken to Winters at counsel table, but that he could not recall the discussion and had no recorded notes to refer back to. This Court notes, contrary to Winters' present counsel's assertion, that Winters himself stated in his earlier pro se petitions and pro se legal memoranda, that he "rejected a plea agreement, based on his trial counsel's erroneous advice that petitioner would only face a small sentence if he was to be found guilty after trial." He also wrote in his earlier pro se legal memorandum that "the petitioner relied upon trial counsel's advice in rejecting the plea agreement. . ."See, Applicant's Exhibits A and B introduced at hearing on July 22, 1994 in case file P.M. 89-5572. Present counsel for Winters was not told the truth by Winters and accordingly there is no need for this Court to respond to the first contention presented in the applicant's legal memorandum, because it is based on erroneous and incorrect facts.
I am totally satisfied in this case that Winters' testimony regarding the alleged representations made to him by Attorney Casparian as to a no longer than five (5) year sentence and that he would be found not guilty on all but Count 3 and that the State had offered 20 to 25 years and that he rejected it based upon Attorney Casparian's representation that he would receive no more than a five year sentence is nothing but plain falsehood. In short, Winters lied to this Court under oath. I accept and believe the testimony of Attorney Casparian. He was totally truthful, despite the fact that he was unable to respond with certainty to each of Winters' allegations.
Taking up Winters' second contention raised in his present counsel's legal memorandum in which it is asserted that Winters "was clearly prejudiced by his counsel's deficient performance." That contention is in first part premised upon the false assumption that Winters was not told of the State's 25 year plea sentence offer. That, of course, was not the alleged offer as testified to by Winters and as written by Winters in his earlier pro se writings. That alleged pre-trial offer was 20 to 25 years. In any event this Court has previously concluded that it did not believe Winters' recollection of that offer.
Winters' next contention, numbered II in present counsel's legal memorandum, but in reality number III, is rejected without discussion because there was no plea agreement. Winters hadrejected any alleged pre-trial plea offer. No Court can ever grant specific performance of a nonexistent agreement.
Taking up Winters' final contention, numbered III, but in reality number IV, with regard to vacating his convictions on Counts 4 and 5 in the Indictment. There is merit to that contention. Based upon the age determination formulae concluded with regard to §§ 11-37-4 and 11-37-5 R.I.G.L. by our Supreme Court in State v. Collins, 543 A.2d 641 (R.I. 1989), the convictions on Counts 4 and 5 are vacated along with the sentences imposed thereon.
Taking up finally the applicant's general assertion of ineffective assistance of counsel lodged against Attorney Casparian. In advancing that allegation, the burden of proof thereon is upon Winters. Delahunt v. State, 440 A.2d 133, 135 (R.I. 1982). There is no question but that under both our State and Federal Constitutions, Winters was entitled to the effective assistance of counsel during the criminal proceedings against him. Effective counsel is not however to be equated with the term successful counsel, or to perfect counsel. In State v.Desroches, 110 R.I. 497, 501 (1972) our Supreme Court said:
 "Effective does not mean successful. It means conscientious, meaningful representation wherein the accused is advised of his rights and honest, learned and able counsel is given a reasonable opportunity to perform the task assigned to him."
In this case, a review of the trial record indicates clearly that Attorney Casparian rendered considerably more than reasonably effective assistance to Winters. In order to fully appreciate the task before him, Attorney Casparian was representing a defendant charged with twenty-seven first and second degree sexual assaults upon young boys. Long prior to obtaining the services of Attorney Casparian, Winters gave the investigating police two long and detailed confessions. One confession, State's Exhibit 42, was a tape recorded confession and the other, State's Exhibit 49, was a written confession. The victims in the various charges were ready and willing witnesses. Without being facetious, Houdini himself, the renowned magician and escape artist, could not have enabled Winters to escape conviction. In addition to Attorney Casparian's case fact dilemma, he was representing a client who did not want to plead to any "long time" facing charges wherein consecutive sentences could exceed two hundred (200) years. Because of the trial expertise and excellent trial work performed by Attorney Casparian, Winters was actually acquitted on twelve (12) of the twenty-nine (29) counts in the Indictment. In Strickland v.Washington, 466 U.S. 668, 80 L.Ed.2d 674 (1984) the United States Supreme Court laid out a two prong test by which to gauge effective assistance of counsel in criminal trials. Our State Supreme Court has adopted the Strickland test. In that test, a defendant asserting ineffective assistance of counsel has the burden of proving that counsel's representation was deficient. In this case, based on the record of the proceedings, and disregarding Winters' false testimony, he has clearly failed to prove by the fair preponderance of the credible evidence that Attorney Casparian's representation was sufficiently deficient so as to constitute ineffective assistance of counsel. The single and simple fact that Attorney Casparian was unaware of a recent amendment to the first and second degree sexual assault sections concerning a change from under 13 years of age to 13 years of age or under did not detract from his overall excellent performance at trial. By coincidence, the only two counts relevant to that amendment were Counts 4 and 5. The wording of 13 years and under was not clearly understood at the time of Winters' trial. As noted in the 1982 In re Edward case; the 1987 State v. Jordan
case, all supra, the legal interpretation of that phrase was the subject of controversial debate and difference of opinion. Even assuming for purposes of this post-conviction application, however, that a finding of deficient performance was made here, that finding in and of itself would not satisfy Winters' burden here. In addition to that favorable finding he would next be required to show that but for Attorney Casparian's deficient performance, the result or outcome of his jury trial would have been different. As noted earlier, the applicant's pre-trial confessions of guilt, as well as the damning evidence from the five victims could not be overcome by anything short of a miracle coupled with what would have had to have been the greatest miscarriage of justice ever recorded. He was guilty. He admitted so, both in writing and on tape recording, and his attempt now to blame Attorney Casparian for his present predicament is both shameful and without merit. He has failed to show, even assuming deficient performance by Attorney Casparian, that the outcome of his trial would have been different. In that regard, it should be noted, that at no time in any of his post-conviction attempts to reduce sentence of obtain post-conviction relief has Winters ever said or written that he did not commit the offenses that he was convicted of by the jury.
Accordingly, for the reasons above set out, his application for post-conviction relief is denied, except only, as it pertains to his application for post-conviction relief on Counts 4 and 5 in the indictment. As to those two counts, his application is granted and his convictions and sentences thereon are vacated.
Counsel shall prepare, as required by § 10-9.1-9, the appropriate final judgment for entry by the Court.